PER CURIAM.
This matter is before the Court on Petition for Approval of Unconditional Guilty Plea.
On January 29, 1979, The Florida Bar filed its petition alleging:
1. Respondent, HARRY B. DUFFY, JR., is a member of The Florida Bar.
*345 2. Respondent abandoned his law practice in June of 1976, at which time he had misappropriated trust funds in excess of $100,000.00.
3. Based upon the foregoing, this Court temporarily suspended Respondent on April 29, 1977.
4. Respondents [sic ] handling of trust money violated D.R. 9-102 of the Code of Professional Responsibility and Integration Rule 11.02(4) of The Florida Bar, and warrants his disbarment.
5. Respondent admits the foregoing and has tendered, pursuant to Integration Rule 11.06(11), his unconditional guilty plea for disbarment. . . . The plea has been approved by the Executive Committee of the Board of Governors of The Florida Bar.
6. Respondent has agreed to the following disciplinary measures:
A. Disbarment from the practice of law in Florida for at least five (5) years from the date of a final order of disbarment by this Court.
B. Full restitution to the Client Security Fund of The Florida Bar for any and all claims paid against Harry B. Duffy as a prerequisite of reinstatement.
C.Full payment, satisfaction or agreements for satisfaction, or releases of all legal debtíj as a prerequisite of reinstatement.
7.Respondents [sic] disbarment will best serve the interest of the public, the courts, and The Florida Bar.
The Petition for Approval of Unconditional Guilty Plea is granted, and Respondent, Harry B. Duffy, Jr., is hereby disbarred, effective immediately. No petition for readmission shall be entertained until a period of five years has elapsed from the date of this judgment, and only then upon proof of rehabilitation and of compliance with the terms set forth above.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.