PER CURIAM.
The above styled causes are hereby consolidated sua sponte.
These matters are before the Court on Petition for Leave to Resign and Motion for Approval of Conditional Guilty Plea for Consent Judgment and Entry of Final Order of Discipline.
On December 5, 1978, Respondent filed his Petition for Leave to Resign from The Florida Bar; and then on February 23, 1979, The Florida Bar filed its motion alleging:
1. After investigations by the Ninth Judicial Circuit Grievance Committee “B”, formal Complaints were filed against the Respondent. A five-count Complaint covering Case Nos. 09B78008 and 09B78016 was filed on May 4, 1978. . A separate Complaint for Case Nos. 09B77058 and 09B78014 was filed on June 30,1978. . . . Additional probable cause reports for Case Nos. *584 09B78038, 09B78045 and 09B78T11 were received on October 10, 1978. The Bar’s Complaint covering those cases was filed on February 2, 1979. .
2. Prior to final hearing on the first four cases originally scheduled in early October and then rescheduled in December, 1978, Respondent submitted a Petition for Leave to Resign pursuant to Fla. Bar Integr. Rule, art. XI, Rule 11.08 on the facts of all pending cases in Case No. 55,647. The Petition was dated November 30, 1978 and the Bar’s response in opposition to that Petition was filed on January 26, 1979 after review by the Board of Governors. The Bar prayed that the court would reject the Petition for Leave to Resign in Lieu of Discipline and return the matters for consideration by the referee.
3. On February 8, 1979, the Respondent through counsel submitted a Conditional Guilty Plea to the Complaints filed in all cases in exchange for disbarment from the practice of law and payment of costs. .
4. A total of seven separate probable cause cases are involved in the Bar’s Complaints. As noted in the Bar’s response to the Petition for Leave to Resign, four of the cases involve allegations of blatant misuse of clients’ trust funds including improper trust reeord keeping. Three concern allegations of failure to act or to return unearned fees with detrimental results to the clients. The Respondent has admitted the truth of the allegations in Paragraph 11 of his Petition for the discipline proceedings. The Respondent has additionally entered a plea of nolo contendere to a grand larceny charge in Circuit Court, Orange County, on the facts involving $27,000 wrongfully withheld from the Hamiltons in Case No. 09B78008. He received five years probation and restitution was ordered. The Bar’s Client Security Fund has recommended and the Board of Governors has authorized a maximum payment of $20,-000 in this matter. The Complaints covering the four cases allege a pattern of continual utilization of trust funds for purposes other than for which they were placed in the Respondent’s care. In Case 09B78008, he also wrote a $3,000 check on his trust account dated April 20, 1976 solely to pay a personal rent obligation owed by he and his wife under a lease option. In Case No. 09B78016, he failed to maintain adequate trust account records on funds given to him in trust by a client between July, 1976 and April, 1977 with $566.87 remaining due to the client and unaccounted for in early 1978. In Case No. 09B78038, he received a total of $45,794.27 in a real estate transaction from his clients. When it closed he was obligated to pay off a First Federal Savings and Loan Association mortgage of $33,468.01 from proceeds of the closing but did not do so. A few months later on June 17, 1976, he paid the Savings and Loan Association $10,000. It was only in November, 1976 that the clients discovered there was an outstanding balance on the mortgage of approximately $24,000. An offer to resolve the issue was not completed. Only after the clients hired an attorney and filed a complaint with The Florida Bar did Respondent pay off the Savings and Loan Association in May of 1977, over a year after the original closing. Again, in Case No. 09B78008, on January 28, 1977, he made partial payment of a civil judgment against him by a check drawn on his trust account for $751. Previous payment on his personal account had been returned for insufficient funds. He also represented the Hamiltons mentioned above in Case No. 09B78008 in a real estate transaction which closed June 1, 1977. They were due a total of $37,012.73. Approximately three weeks after the closing on June 22, 1977, other counsel secured $10,012.73 from the Respondent who had failed to pay over the monies due his clients as promised. At that time he advised the new attorney he did not have the remaining trust funds and in August allowed a default judgment to be entered against him in Circuit Court. He also represented the Elmhurst National Bank of Elm- *585 hurst, Illinois which was trustee for an estate in a series of sales of property. When the Welch purchase closed on July 8, 1977, the bank was due $36,505.72. The money was not forwarded until September 15, 1977 and then by a check which was returned for insufficient funds. Only in November, 1977 did the Respondent send one cashier’s check for $33,000 to the bank and three more for $900, $1,000 and $3,505.72, respectively. Throughout this entire period of time, the realtor and the bank had been continually attempting to contact Mr. Bassett regarding payment. .
5. The Executive Committee of The Florida Bar has approved acceptance of Respondent’s Conditional Plea and recommends it to this court as final disposition of the cases. The Plea calls for the Respondent to be disbarred from the practice of law pursuant to Fla. Bar Integr.-Rule, art. XI, Rule 11.10(4) and to pay costs of the proceedings. Such costs now total $3,341.00.
The Petition for Leave to Resign filed by Respondent, E. Pope Bassett, is hereby denied.
The Motion for Approval of Conditional Guilty Plea for Consent Judgment and Entry of Final Order of Discipline is hereby approved, and Respondent, E. Pope Bassett, is disbarred from the practice of law pursuant to Florida Bar Integration Rule, article XI, Rule 11.10(4), and is ordered to pay costs in the amount of $3,341.00 and to have published in the Southern Reporter an appropriate opinion based on the bar’s complaints and the conditional guilty plea; and it is further
ORDERED that this disbarment shall be effective April 30, 1979, thereby giving Respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients; and it is further
ORDERED that Respondent shall not accept any new business.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, HATCHETT and ALDERMAN, JJ., concur.