PER CURIAM.
This disciplinary proceeding, is, before the Court on complaint of The.Florida,Bar; the report of a referee, and the petitions of both parties for review. We have jurisdiction. Art. V, § 15, Fla.Const.
On May 24, 1977, following grievance committee proceedings, The Florida Bar by complaint instituted disciplinary proceedings before a bar referee. The complaint alleged that on June 18, 1971, the respondent attorney Martin S. Saxon went to the office of federal magistrate Peter Palermo and offered him a gift of several hundred dollars in cash. The complaint alleged fur *1282 ther that this was “a willful attempt to gain favor with the court by questionable means,” that it demonstrates unfitness to practice law, and that it constitutes violation of the Code of Professional Responsibility, disciplinary rules 1-102(A)(5), 1-102(A)(6), and 7-110(A).
The referee’s report contains the following findings of fact:
Respondent was at all times relevant a member of The Florida Bar, subject to the jurisdiction of and disciplinary rules of The Supreme Court of Florida. (Admission No. 1 by Respondent.)
The Complaint in this case was filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, as required by the integration rule, have been fulfilled. (Admission B.)
On or about June 17,1971, the Respondent represented certain criminal defendants at a preliminary hearing before Judge Peter R. Palermo of the United States District Court for the Southern District of Florida. (Admission C.)
At that hearing, Judge Palermo dismissed the charges against two of Mr. Saxon’s clients. (Admission D.)
On June 18, 1971, before noon, Mr. Saxon came by Judge Palermo’s office in the Post Office Building. Judge Palermo maintains an open-door policy. Saxon walked into Judge Palermo’s office and placed an indeterminate number of $100 bills (but more than one), all rolled up, in Judge Palermo’s shirt pocket. Judge Palermo immediately returned the cash and asked Mr. Saxon, “What gives?” At this point, Judge Palermo’s secretary walked in. Mr. Saxon then took a small Government memo paid from the desk of Judge Palermo and wrote “They are clean” and displayed the pad to Judge Palermo. Judge Palermo’s secretary left the room.
Mr. Saxon tore the sheet off the memo pad and kept the note, and said something to the effect that Judge Palermo was doing a good job and could use the money. Judge Palermo then told Saxon in substance that he was in the wrong league; that Judge Palermo had done nothing that he should not have done; that Judge Palermo called them as he saw them; that whatever Judge Palermo did was done because he believed it was the right thing to do. Saxon then remarked that he had received a good fee and more in the case he had tried before Judge Palermo resulting in the dismissals and left.
In due course, Judge Palermo reported the incident to Judge Joe Eaton of the United States District Court for the Southern District of Florida. (Admission I.) On June 25, 1971, Mr. Saxon resigned from the Federal Bar of the United States District Court of the State of Florida (Admission J) under pressure of an en banc disciplinary hearing before all the Judges of that Court.
On June 29, 1971, Mr. Saxon’s resignation was accepted by The Honorable Charles B. Fulton, Chief Judge of the United States District Court for the Southern District of Florida.
The referee ruled that the respondent could not be found guilty of violation of Disciplinary Rule 7-110(A) because Judge Palermo did not accept the gift. The referee made the following recommendation as to discipline:
I recommend that the Respondent be suspended from the practice of law for a period of six months with automatic reinstatement at the end of the period of suspension as provided in Rule 11.1013. Because of the gravity of the offense, I have agonized as to whether this recommendation is severe enough in the circumstances. In limiting my recommendation to a six month suspension, I have taken into account the effect on the career of Respondent of the action of the Federal Court in suspending the Respondent from the practice of law for life in the Federal Courts of the State of Florida. I have noted the difference of opinion between the Federal Judges on the question of whether the Respondent should remain suspended from the practice of law in the Federal Courts of the *1283 State of Florida for the balance of his life. I have considered the background of the Respondent — that he is an ex-policeman with the Miami Beach Police Department, that he worked at that job while earning his degree at the University of Miami Law School; and that most of his legal career has been spent as an independent practitioner grinding out defenses in the poorest paying and most difficult of criminal cases. I am convinced that the Respondent has learned from the reaction of the Federal Judges, from the reaction of the Referee, and from the newspaper reaction that conduct such as his on this occasion is intolerable in a system of justice which must ever aspire to a stature beyond suspicion of favoritism. I do not expect the Respondent to repeat this or any similar offense.
The Florida Bar contends that the referee’s holding that Disciplinary Rule 7-110(A) requires for its violation a completed gift is in error. The Bar contends further that the referee’s recommended discipline is too lenient and that the respondent should be disbarred.
We agree that the rejection of the offer of a gift does not preclude a finding that the respondent violated Disciplinary Rule 7-110(A). The referee’s ruling that violation requires a completed gift is disapproved.
It is apparent that the referee’s recommended discipline was based on his conclusion that the respondent’s conduct, although highly improper, was committed without corrupt intent. The referee had the opportunity to directly evaluate the testimony of the witnesses, and his findings of fact are entitled to a presumption of correctness. Fla.Bar Integr. Rule, art. XI, Rule 11.-06(9)(a). The findings in this regard and the recommended discipline are approved and adopted. The respondent Martin S. Saxon is suspended from the practice of law for six months effective the date of this order. Costs are taxed against the respondent in the amount of $845.75.
It is so ordered.
ADKINS, BOYD, ALDERMAN and MCDONALD, JJ., concur.
ENGLAND, C. J., and OVERTON, J., concur as to the referee’s finding of guilt but dissent as to the punishment imposed.