PER CURIAM.
This disciplinary proceeding by The Florida Bar against Ronald J. Hoffer, member of The Florida Bar, is before us on petition for review of the report of the referee. The referee’s report and record have been filed with this Court pursuant to Fla.Bar Integr.Rule, article XI, Rule 11.06(9)(b). We have jurisdiction. Article V, Section 15, Florida Constitution.
The complaint of the Bar contained the following allegations:
1. Respondent, Ronald J. Hoffer, is and at all times hereinafter mentioned was a member of The Florida Bar subject to the jurisdiction and rules of the Supreme Court of Florida.
2. In or about October, 1978, respondent undertook the representation of Debra Moncrief Pitts in pursuing a modification of an order of dissolution of marriage.
3. On or about October, 1978, respondent filed a petition for modification of the dissolution order on behalf of his client.
4. A hearing on the petition was scheduled on or about January 12, 1979.
5. Respondent failed to appear at the hearing, did not notify the presiding judge that he would not appear, and did not notify his client he would not appear until his associate contacted his client’s husband at the judge’s chambers immediately prior to the scheduled hearing. As a result of respondent’s failure to appear or notify the judge that he would not appear or request a continuance the matter was dismissed.
6. Subsequently, respondent was discharged and his file was surrendered to his former client at her request, for handling by another attorney.
7. By reason of the foregoing, respondent has neglected a legal matter entrusted to him in violation of The Florida Bar Code of Professional Responsibility, Disciplinary Rule 6-101(A)(3); engaged in conduct prejudicial to the administration of justice in violation of Disciplinary Rule 1-102(A)(5); and engaged in conduct that adversely reflects on his fitness to practice law in violation of Disciplinary Rule 1-102(A)(6).
*859 The referee found the facts to be as stated in the Bar’s complaint. He also found, contrary to respondent’s testimony, clear and convincing evidence that no agreement concerning respondent’s failure to appear had been reached between respondent and the other counsel in the modification matter. Finally, the referee found that respondent represented to his former client and her husband that his non-appearance was occasioned by the agreement when no such agreement had been reached.
The referee recommended that respondent be found guilty of violating Fla.Bar Code Prof.Resp. D.R. 1-102(A)(5); 1-102(A)(6) and 6-101(A)(3) as charged in the complaint. In addition, he found respondent guilty of violating D.R. 1-102(A)(3) after granting the Bar’s motion to conform its pleadings to the evidence.
As to discipline, the referee recommended that respondent be suspended from the practice of law in Florida for one year with proof of rehabilitation necessary for reinstatement; said suspension to run concurrently with respondent’s two year suspension already imposed by this court in The Florida Bar v. Hoffer, 383 So.2d 639 (Fla.1980).
The Florida Bar takes the position that the referee’s recommendation of discipline would amount to no discipline at all, and that the suspension should be consecutive to respondent’s current suspension.
The acts complained of in respondent’s previous disciplinary proceeding took place in 1975 and resulted in respondent’s initial suspension by this Court in 1980. 383 So.2d at 642. In the instant case, the acts took place in 1978 and the referee made his recommendation in 1981, so he was fully aware of respondent’s previous suspension and considered it in making his recommendation.
We also note that this case does not involve the misuse or commingling of trust funds as in The Florida Bar v. Bassett, 369 So.2d 583 (Fla.1979); The Florida Bar v. Duffy, 369 So.2d 344 (Fla.1979) and The Florida Bar v. Mattingly, 342 So.2d 508 (Fla.1977). No loss of money is involved.
We adopt the findings and recommendations of the referee and order that respondent be suspended from the practice of law for one year with proof of rehabilitation necessary for reinstatement, and further, that the suspension run concurrent with respondent’s two year suspension already imposed.
Costs of this matter in the amount of $577.60 and any other costs that may have been reasonably incurred by The Florida Bar as a result of this proceeding shall be assessed against the respondent.
It is so ordered.
ADKINS, Acting Chief Justice, BOYD, OVERTON and McDONALD, JJ., concur.
ALDERMAN, J., concurs in part and dissents in part with an opinion.