497 So.2d 1165 (1986)
THE FLORIDA BAR, Complainant,
v.
Justin Jerome LIPMAN, Respondent.
67262.
Supreme Court of Florida.
October 2, 1986.
Rehearing Denied December 22, 1986.
*1166 John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, and Thomas H. Bateman III and Mary Ellen Bateman, Bar Counsel, Tallahassee, for complainant.
Justin Jerome Lipman, Pensacola, in pro. per.
PER CURIAM.
This disciplinary proceeding against Justin Jerome Lipman is before us on complaint of The Florida Bar and the report of the referee. The referee recommends that Lipman be disbarred. Lipman petitions this Court for review of the referee's findings of fact and recommendations of guilt and discipline. We have jurisdiction, article V, section 15, Florida Constitution, and approve the referee's findings and recommendations, with the two minor exceptions noted below.
The foundation for the instant disciplinary action was laid in September 1981, when the First Judicial Circuit Grievance Committee determined there was probable cause to believe respondent, Lipman, was guilty of misconduct justifying disciplinary action. Lipman had been indicted by a grand jury in June 1980 on, among other counts, two counts of being a principal to counterfeiting. In February 1981, a jury found Lipman guilty of the counterfeiting charges; and in September of that year, he was sentenced to five years in prison. In October 1981, following his felony conviction, Lipman was suspended from the practice of law in Florida. Then in March 1983, the First District Court of Appeal reversed the conviction and remanded for a new trial. Lipman v. State, 428 So.2d 733 (Fla. 1st DCA 1983). In November 1983, Lipman pled nolo contendere to reduced charges of conspiracy to make instruments for forging bills, a first-degree misdemeanor, for which he was sentenced to six months in the Escambia County jail.
In December 1984, this Court terminated the October 1981 suspension, readmitting Lipman to the Bar "without prejudice to The Florida Bar to proceed with appropriate grievance proceedings." In June 1985, the Bar filed a two-count complaint against Lipman based on the counterfeiting incident and on alleged irregularities in and mishandling of his trust account. A referee was appointed and a formal hearing was held in January 1986.
As to Count I (counterfeiting), the referee found that sometime prior to April 1978, Lipman telephoned Ken Massoud, a client who was on probation at the time, and advised him of a "great deal" which would make them both rich. At a subsequent meeting, Lipman proposed a counterfeiting scheme. Massoud, in need of money, eventually agreed to participate in the scheme. Lipman then leased a printing machine in Pensacola, transported it to Massoud in Orlando and provided Massoud with $10,000 from "the big boys up north." After printing one million dollars and delivering it to Lipman, Massoud was arrested. The indictment against Lipman followed. Based on these findings, the referee recommended that Lipman be found guilty, as charged, of violating Disciplinary Rules 1-102(A)(1) (violation of Disciplinary Rule); 1-102(A)(3) (illegal conduct involving moral turpitude); 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); and 1-102(A)(6) (conduct that adversely reflects on his fitness to practice law), Florida Bar Code of Professional Responsibility.
As to Count II (trust account violations), the referee found numerous irregularities in respondent's trust account, plus numerous examples of respondent's failure to comply with trust accounting procedures as set forth in The Integration Rule of The Florida Bar. The referee recommended, as charged in the complaint, that Lipman be found guilty of violating article XI, Rules 11.02(4)(b) (trust accounts as official records) and 11.02(4)(c) and its bylaws (trust accounting procedures) of the Integration Rule of The Florida Bar and Disciplinary Rules 9-102(A) (commingling) and 9-102(B)(3) (accounting to clients) of the Code of Professional Responsibility.
*1167 Pursuant to this Court's decision in The Florida Bar v. Stillman, 401 So.2d 1306 (Fla. 1981), the referee considered misconduct not charged in the complaint, but raised at the hearing, and found numerous shortages (insufficient funds to cover all amounts owed to clients) in Lipman's trust account from January 1977 through September 1980. The referee recommended that Lipman be found guilty of violating article XI, Rules 11.02(4)(c) (trust accounting procedures) and 11.02(4)(d) (interest bearing accounts) of the Integration Rule and Disciplinary Rules 9-102(A) (commingling) and 9-102(B) (accounting to clients) of the Code of Professional Responsibility.
Lipman maintains that: (1) the referee erred in denying his motions to dismiss and for continuance; (2) the referee's findings of fact and recommendations of guilt are not supported by clear and convincing evidence; and (3) the referee's recommendation of disbarment is improper under the circumstances.
We reject Lipman's contention that the complaint against him should have been dismissed because the Bar's delay in proceeding against him violates the spirit of article XI, Rule 11.04(6)(b) of the Integration Rule of The Florida Bar which requires a complaint to be filed "promptly" upon the finding of probable cause.[1] As respondent acknowledges "[t]here is no express statute of limitations governing attorney discipline proceedings." The Florida Bar v. McCain, 361 So.2d 700, 704 (Fla. 1978). The Florida Bar has a "reasonable time after it obtains jurisdiction to proceed" in these matters. Id. at 705. The Bar initiated this disciplinary proceeding within a reasonable time after this Court's December 1984 order, wherein we expressly terminated Lipman's 1981 suspension without prejudice to the Bar to go forward with the instant proceedings. Under the circumstances, we do not find it "unjust or unfair" to require Lipman to now answer the Bar's charges in this matter.
Lipman argues that if a statute of limitations does not apply to bar these proceedings, the equitable principle of laches does. As we noted in McCain;
"A suit is held to be barred on the ground of laches where, and only where, the following appear: (1) Conduct on the part of the defendant, or one under whom he claims, giving rise to the situation of which complaint is raised; (2) delay in asserting the claimant's rights, the complainant having had knowledge or notice of the defendant's conduct and having been afforded an opportunity to institute the suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit; and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant. All these elements are necessary to establish laches as a bar to relief." 21 Fla.Jur. Limitation of Actions, Section 94.
Id. at 705-06. Lipman has failed to show the requisite elements of the bar of laches. Most notably, we reject Lipman's argument that he was prejudiced because Massoud, the primary witness against him, died in the interim between the 1981 criminal trial and the 1986 formal hearing in this matter. Although a transcript of Massoud's testimony during the criminal trial was entered into evidence and considered by the referee, Massoud was effectively cross-examined by Lipman's defense counsel in the criminal proceeding. Further, during the formal hearing, Lipman was given an adequate opportunity to refute Massoud's testimony.
We also reject Lipman's argument that the referee erred in denying his motion for continuance. It is within the sound discretion of the referee, assigned by this Court to preside over a disciplinary *1168 proceeding such as this, to grant or deny a motion for continuance. Such a ruling will not be disturbed by this Court absent a clear abuse of discretion. See In re Gregory, 313 So.2d 735 (Fla. 1975) (granting or denying a motion for continuance is within the sole discretion of the trial court). Although, as he argues, Lipman's position may well have been better presented before the referee had he retained other counsel, we find no abuse of discretion. It appears that as early as September 1985, Lipman was aware that the formal hearing was scheduled for January 30 and 31, 1986. However, Lipman waited until two weeks before the hearing to file his motion for continuance claiming that he had just received the funds to retain counsel. The referee's denial of this eleventh hour motion cannot be said to constitute a clear abuse of discretion.
Lipman also challenges a number of the referee's findings of fact and recommendations of guilt. A referee's findings and recommendations will be upheld unless clearly erroneous or without support in the record. The Florida Bar v. Jackson, 490 So.2d 935 (Fla. 1986); The Florida Bar v. Fields, 482 So.2d 1354 (Fla. 1986). Lipman's primary argument centers around the referee's findings as to Count I. He argues that the referee relied almost entirely on the transcript of Massoud's testimony and appeared to totally disregard: (1) Lipman's testimony at the hearing to the contrary, and (2) inconsistencies in Massoud's testimony which were pointed out by Lipman. It is for the referee to weigh the credibility of the witnesses before him. The Florida Bar v. Saxon, 379 So.2d 1281 (Fla. 1980). Any conflicts in the evidence are properly resolved by the referee sitting as this Court's finder of fact. The Florida Bar v. Hoffer, 383 So.2d 639 (Fla. 1980). A review of the record reveals that the referee's findings of fact and recommendations of guilt as to Count I (counterfeiting) and Count II (trust account violations) are amply supported.
We also find that the referee's findings of fact and recommendation that Lipman be found guilty of violating article XI, Rule 11.02(4)(c) (trust accounting procedures) and Disciplinary Rule 9-102(B) (accounting to clients) in connection with the shortages in his trust account are supported in the record. However, we find no record support for the recommendation that Lipman be found guilty of violating article XI, Rule 11.02(4)(d)[2] (interest bearing accounts) or Disciplinary Rule 9-102(A) (commingling) in connection with this matter. The referee made no findings concerning commingling or interest bearing accounts in connection with the trust account shortages.
Finally, Lipman argues that the referee improperly based his recommendation of disbarment on Lipman's refusal to acknowledge his guilt and failure to show remorse. We agree with Lipman that it is improper for a referee to base the severity of a recommended punishment on an attorney's refusal to admit alleged misconduct or on "lack of remorse" presumed from such refusal. However, as stated by the referee, the evidence in this case is "clear and convincing that respondent's complicity in the counterfeiting scheme extends to its very core." Such conduct alone warrants disbarment.
Accordingly, the respondent, Justin Jerome Lipman, is disbarred from the practice of law in Florida, effective thirty days from the filing of this opinion, thereby giving him thirty days to close out his practice and take necessary steps to protect his clients. Lipman shall accept no new business from the date of this opinion. Judgment for costs in the amount of $3,293 is hereby entered against respondent for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
*1169 BOYD, Justice, concurring in part and dissenting in part.
I agree that the evidence supports the findings of professional misconduct on the part of the respondent. However, I do not agree that disbarment is the appropriate punishment.
In a state criminal prosecution based on the same events as this disciplinary proceeding, respondent was convicted of a felony. On appeal the conviction was reversed because of the prosecutor's improper conduct at the trial. Lipman v. State, 428 So.2d 733 (Fla. 1st DCA 1983). Reversal was required in part because the improper comments of the prosecutor were deemed to have prejudicially affected the outcome. The appellate court observed that it was a "close case". I infer that, due to the weakness of the state's case, it was necessary for the prosecutor to resort to improper tactics in order to secure a verdict of guilt on the charge of felony. The validity of the conviction being thus totally obviated, the appellate court remanded for a new trial.
On remand, rather than pursue a conviction by re-trial of the felony charge, the state allowed respondent to plead nolo contendere to a misdemeanor charge. By this action the state in effect conceded that the most it could prove by evidence was a misdemeanor. Thus the ultimate outcome of the state's investigation and prosecution of respondent is his conviction of a misdemeanor.
Regarding the conduct charged in count one of the Bar's complaint, respondent, for the reasons stated above, stands before the Court convicted of a misdemeanor. Because the official organs of the criminal justice system thus ultimately determined respondent's guilt of a misdemeanor, we should reject the Bar's attempt to establish his guilt of a felony by means of this bar discipline proceeding. Disbarment is the ultimate discipline and is reserved for the most serious instances of unethical acts or other professional misconduct.
I concur in the approval of the finding of misconduct on count one. I dissent to the order of disbarment. Because respondent has already served a three-year suspension commencing at the time of his felony conviction, I would impose no further discipline on count one.
On count two, I concur in the Court's judgment regarding guilt. I would reprimand respondent and impose two years of probation with periodic Bar scrutiny of respondent's trust accounting activities.
NOTES
[1] Article XI, Rule 11.04(6)(b) of the Integration Rule provides in part:

(b) Findings of probable cause. If a grievance committee finds probable cause, the branch staff counsel assigned to the committee shall promptly prepare a record of its investigation and a formal complaint and file the same with the executive director... .
[2] It appears that this reference to Rule 11.02(4)(d) was the result of a typographical error.