PER CURIAM.
We have for review the complaint of The Florida Bar and the referee’s report regarding alleged ethical breaches by Kent S. Wheeler. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee’s findings and recommendations.
The referee found that Wheeler entered into payment schemes with judges in the Eleventh Judicial Circuit wherein he provided them with campaign contributions, commissions, and loans in exchange for appointments before their courts as a Special Assistant Public Defender. Federal prosecutors instituted a probe into corruption in the circuit, which resulted in multiple criminal prosecutions. In exchange for immunity, Wheeler testified in the criminal trials of fellow conspirators.
The Florida Bar instituted disciplinary proceedings. Wheeler entered an unconditional plea of guilty to violating the following Rules Regulating The Florida Bar: rule 3-4.3 (commission of an act that is unlawful or contrary to honesty and justice); rule 3-4.4 (commission of a crime); and rule 4-8.4(d) (engaging in conduct prejudicial to the administration of justice). The referee recommended disbarment.
Wheeler argues that the referee failed to consider mitigating factors. He cites his mental and emotional troubles during the past several years, which he contends made him especially vulnerable to the “solicitations” of the judges. Wheeler also cites his cooperation with law enforcement and contends that, in order to encourage lawyers to come forward and cooperate, the Court should impose a suspension rather than disbarment.
A referee’s report carries a strong presumption of correctness: “A referee’s findings and recommendations will be upheld unless clearly erroneous or without support in the record.” Florida Bar v. Lipman, 497 So.2d 1165, 1168 (Fla.1986). The referee found that “there is no evidence in the record to support a finding of exculpation based *392 upon emotional defect or mental deficiency.” Although “Wheeler played an important and cooperative role in the prosecution,” his conduct was “so terribly destructive to the fundamentals of judicial fairness upon which democracy is predicated, it can neither be tolerated nor forgiven.” The referee concluded: “Wheeler contributed to turning the criminal justice system in the Eleventh Judicial Circuit into a racketeering organization.”
Wheeler has failed to demonstrate that these findings lack substantial support in the record. The record shows that he paid judges to provide him with clients whom he represented before those same judges, such that the judges had a financial interest in Wheeler’s practice before their courts. Such conduct poses a severe threat to public confidence in the justice system.
Wheeler is hereby disbarred. Upon the filing of this opinion, Wheeler shall accept no new business. The disbarment will be effective thirty days from the date of this opinion so that Wheeler can close out his practice and protect the interests of existing clients. After that date, Wheeler is enjoined and prohibited from the practice of law in this state. Judgment is entered against Wheeler in favor of The Florida Bar for costs in the amount of $2,077.50 for which sum. let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING and ANSTEAD, JJ., concur.
KOGAN and WELLS, JJ., recused.