784 So.2d 1085 (2001)
THE FLORIDA BAR, Complainant,
v.
Albert Peter WALTER, Jr., Respondent.
No. SC96915.
Supreme Court of Florida.
April 26, 2001.
John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Division Director, Tallahassee, FL; and William Mulligan, Bar Counsel, Miami, FL, for Complainant.
Louis M. Jepeway, Jr., of Jepeway and Jepeway, P.A., Miami, FL, for Respondent.
PER CURIAM.
We have for review a referee's report recommending that The Florida Bar's complaint against attorney Albert Peter Walter, Jr., be dismissed with prejudice. We have jurisdiction. See art. V, § 15, Fla. Const. We approve the referee's report and dismiss the complaint with prejudice.

FACTS
The Bar filed a complaint against Walter in 1999 alleging that in 1986 Gary Dukes retained and paid Nevada attorney David Chesnoff to represent Dukes in a Florida criminal proceeding, and that Walter was retained as local counsel and paid approximately $200,000 from those fees. However, according to the complaint, Dukes then entered a plea agreement, whereupon Walter advised Dukes that he (Dukes) would receive a refund from Walter since the case did not proceed to trial. The Bar further alleged that Walter then failed to make such a refund despite numerous requests from Dukes, and that in 1991 Dukes filed a grievance with the Bar regarding the matter.
The Bar further alleged that Walter subsequently executed a promissory note to pay Chesnoff $125,000 by the end of *1086 1992, and that the reason he executed the note was so that Chesnoff could act as an intermediary to facilitate Walter's refund to Dukes, but without Walter having to acknowledge the debt. However, according to the complaint, Walter testified in a 1992 sworn statement in the Bar investigation of the matter that the promissory note concerned a private debt between Walter and Chesnoff and had nothing to do with repayment of Dukes. The Bar concluded that in truth and fact the note was executed by Walter for the purpose of resolving the fee dispute between Walter and Dukes and did not involve any type of private debt with Chesnoff. Based on the foregoing, the Bar alleged in its 1999 complaint that Walter had made a misrepresentation to the Bar in his 1992 sworn statement, thereby violating Rule Regulating the Florida Bar 4-8.4(c) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Walter filed a motion to dismiss the complaint with prejudice, arguing that the Bar's 1999 complaint was predicated upon a statement Walter made to the Bar in 1992, and that the Bar's complaint was therefore filed beyond the six-year time limitation set forth in Rule Regulating the Florida Bar 3-7.16(a).[1] At the hearing on Walter's motion, Bar counsel stated that, in investigating the underlying fee issue raised in Duke's 1991 grievance, the Bar attempted to take Chesnoff's statement in 1993, but Chesnoff asserted attorney-client privilege. The Bar subsequently hired a Nevada attorney and again attempted to take Chesnoff's statement in 1995, but Chesnoff then asserted his Fifth Amendment rights. Bar counsel further stated that, after much litigation, the Bar in 1998 was finally able to take Chesnoffs statement, wherein Chesnoff contradicted Walter's 1992 statement by stating that the $125,000 promissory note did have to do with the fee dispute between Walter and Dukes. Bar counsel urged that "that's when the Bar affirmatively became aware we had a misrepresentation on the sworn statements [i.e., upon finally securing Chesnoff's contradictory statement in 1998] ... and we don't believe that the Rule would apply in this situation." Walter countered that the Bar in 1992 had "concluded that [Walter] wasn't telling the truth in his statement and to buttress their suspicions, they engaged in this back and forth with Mr. Chesnoff.... There is nothing new, and ... there is no basis for tolling the time [under the rule]."
Although agreeing with the Bar that it was not guilty of lack of diligence, the referee ultimately granted Walter's motion and dismissed the Bar's complaint with prejudice. The referee thereafter denied the Bar's motion for rehearing, reconsideration, or relief from the order and issued his report recommending that "the complaint filed against [Walter] be dismissed with each party to bear their own costs." The Bar now petitions for review in this Court.

DISCUSSION
The parties dispute whether the six-year time limitation of rule 3-7.16(a) controls the present case. We hold that it does not, as Walter's alleged misrepresentation occurred in 1992 and rule 3-7.16 was not adopted until 1995. See Florida Bar re Amendments to Rules Regulating the Florida Bar, 658 So.2d 930 (Fla.1995) (adopting rule 3-7.16).
*1087 What does control here is Florida Bar v. Lipman, 497 So.2d 1165 (Fla.1986), which applied when Walter made his alleged misrepresentation in 1992. In Lipman, this Court recognized at the time that "there is no express statute of limitations governing attorney discipline proceedings" and that "The Florida Bar has a `reasonable time after it obtains jurisdiction to proceed' in these matters." Id. at 1167 (quoting Florida Bar v. McCain, 361 So.2d 700, 704-05 (Fla.1978)).
Thus the question in the present case is whether the Bar proceeded within a "reasonable time" in filing its 1999 complaint against Walter based on his alleged misconduct in 1992. Though a close call, we find that the Bar did not proceed within a reasonable time in this case. In reaching the opposite conclusion in Lipman, this Court held:
The Bar initiated this disciplinary proceeding within a reasonable time after this Court's December 1984 order, wherein we expressly terminated Lipman's 1981 suspension without prejudice to the Bar to go forward with the instant proceedings [in 1985 based in part on a counterfeiting incident for which Lipman had been indicted in 1980]. Under the circumstances, we do not find it "unjust or unfair" to require Lipman to now answer the Bar's charges in this matter.
Lipman, 497 So.2d at 1167. In contrast, the present case involves a seven-year interim between Walter's alleged misconduct and the filing of the Bar's complaint, and we do find it "unjust or unfair" to require Walter now to answer the Bar's charges in this matter. That the Bar may have diligently pursued Chesnoff's statement does not render this seven-year interim a "reasonable time," especially considering that the delay is not attributable to Walter. All things considered, under the unique circumstances of this case, we decline to require Walter to defend against the Bar's charges after so many years have passed.

CONCLUSION
We accordingly approve the referee's report, dismiss with prejudice the Bar's complaint against Walter, and order each party to bear its own costs.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Rule 3-7.16(a) ("Time for Inquiries and Complaints") provides in full: "Inquiries raised or complaints presented by or to The Florida Bar under these rules shall be commenced within 6 years from the time the matter giving rise to the inquiry or complaint is discovered or, with due diligence, should have been discovered."