W. L. ZACHARY, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Charges preferred against an attorney for the purpose of disbarring him should be clear and specific, and should be stated with great particularity, that the attorney may be fully apprised of the nature of the charge he is called upon to meet and may be enabled to prepare his defense.

2. Not only the act itself charged against an attorney in a proceeding against him for disbarment must be proved to have been committed, but the bad or fraudulent motive for the commission thereof must also be established,

Zachary v. The State of Florida—Opinion of Court.

either from the act itself or from proof of other circumstances, and, unless this is done, disbarment is not authorized.

3.  An appellate court in reviewing the proceedings of a lower court disbarring an attorney should not interfere with the conclusions of the latter court upon the evidence, unless it is clear that the latter court, viewing its action in the light of the rule which requires clear proof of the act and of the bad motive of the attorney, has decided erroneously, in which case it is the duty of the appellate court to interfere.

4.  Evidence examined and found insufficient to support the conclusions of the circuit court or to sustain the judgment.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the Court.

*E. T. Davis* and *C. M. Jones,* for Plaintiff in Error;

*W. H. Ellis,* Attorney General, for the State.

SHACKLEFORD, C. J.: This is a proceeding instituted by the state, on motion of the state attorney for the first judicial circuit, under the directions of the judge of the circuit court, in accordance with the provisions of Chapter 4379, Laws of 1895, against the plaintiff in error, herein designated as the defendant, for the disbarment of the defendant as an attorney-at-law.

In view of the conclusion which we have reached, no

useful purpose can be accomplished by setting forth the proceedings in detail. It will suffice to state that the charge made in such motion against the defendant was, that, on the 2nd day of May, 1900, the defendant "did then and there fraudulently and corruptly conspire and collude with one George W. Pennington, now deceased, to defraud the creditors of the said George W. Pennington, the names of such creditors being to the state attorney unknown."

It is further alleged in such motion that, in furtherance of such conspiracy, the said Pennington on said date executed a deed to the defendant to certain described real estate of the value of $300, which deed was without any valuable consideration and was executed for the purpose of defrauding the creditors of Pennington by placing the property therein conveyed beyond their reach, all of which was well known to the defendant, who entered into such conspiracy and took possession of such real estate conveyed in such deed, claiming it as his own.

The defendant filed an answer to this motion in which he specifically denied the charges so made against him therein, testimony was taken upon the issue so joined and the court rendered the following judgment against the defendant: "It is therefore considered by the court that the allegations of the motion are sustained by a preponderance of the evidence; and that the said W. L. Zachary, an attorney and counsellor practicing in the first judicial circuit of Florida be, and he is hereby, disbarred and forever prohibited from practicing his said profession."

From this judgment the defendant seeks relief here by

writ of error, returnable to the present term. Nine errors are assigned, but we shall not attempt to discuss them separately.

To authorize the disbarment of an attorney upon such a charge as is made in the instant case the proof must be clear both as to the act charged against the attorney and his corrupt motive. Where the evidence is conflicting there must be a clear preponderance against him. It is also true that charges preferred against an attorney for the purpose of disbarring him should be clear and specific, and should be stated with great particularity, that the attorney may be fully apprised of the nature of the charge he is called upon to meet and may be enabled to prepare his defense. An appellate court in reviewing the proceedings of a lower court disbarring an attorney should not interfere with the conclusions of the latter court upon the evidence, unless it is clear that the latter court, viewing its action in the light of the rule which requires clear proof of the act and of the bad motive of the attorney, has decided erroneously, in which case it is the duty of the appellate court to interfere.. In other words, not only the act itself charged against an attorney in a proceeding against him for disbarment must be proved to have been committed, but the bad or fraudulent motive for the commission thereof must also be established either from the act itself or from proof of other circumstances, and, unless this is done, disbarment is not authorized. See State *ex rel.* Rude v. Young, 30 Fla. 85, 11 South. Rep. 514, and State *ex rel.* Fowler v. Finley, 30 Fla. 325, 11 South. Rep. 674, S. C. 18 L. R. A. 401.

We have given the entire record in the instant case our most careful consideration and find ourselves constrained

7—S C

to the conclusion that the evidence adduced therein does not come up to the requirements laid down in the cited cases and was insufficient to sustain the judgment. This being true, it necessarily follows that the judgment must be reversed and the case remanded, and it is so ordered.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.