WALTER S. RICHARDSON v. STATE.

192 So. 876
Special Division B
Opinion Filed January 2, 1940

*John Ziegler, LeRoy Collins,* and *W. P. Shelley, Jr.,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—Writ of error to a judgment of the Circuit Court of the Fifteenth Circuit for Palm Beach County.

On June 13, 1936, Hon. C. E. Chillingworth, Circuit Judge, entered an order directing the State Attorney to file in the name of the State a motion to disbar Walter S. Richardson, who while acting as an attorney-at-law, did, from an unlawful, dishonorable and corrupt motive, stir up, conceive, plan, foment, maintain and aid in unduly prolonging certain litigation lately pending in the United States District Court for the Southern District of Florida, Miami Division, in equity, entitled Bert E. Holland, *et al.,* v. Whitehall Building & Operating Company, *et al.,* for the unlawful, dishonorable and corrupt primary purpose of personal enrichment of himself.

Such motion was filed October 7, 1937. Defendant Richardson filed an answer to said motion, alleging his good faith, honesty and fair dealing in his position as receiver and later as trustee in said bankruptcy proceedings.

At the trial, the State produced evidence showing that while acting in the capacity of receiver in said bankruptcy

case, Richardson advised certain bondholders of their rights, and did himself deal in said bonds for his wife. It was brought out that Richardson gave his wife $8,000 as part of a fee of $18,000 accruing for his services as trustee, and that a considerable portion of said $8,000 was used to purchase bonds of the Whitehall properties. Richardson alleged in his answer and testified that all bond dealings were in the open market and carried on in the best interests of Whitehall Properties.

The Court entered final judgment finding Richardson guilty and suspended him from the practice of law for six months. Motion for a new trial was denied, and writ of error taken to this Court.

Richardson questions the authority of the court to receive a motion to disbar when said motion is not sworn to. In the early case of State v. Kirke (1869), 12 Fla. 278, 95 Am. Dec. 314, it is said that, "a complaint against an attorney ought not to be received unless made on oath," citing *Ex Parte* Burr, 9 Wheat. 529, as the only authority. This is a statement of the common law prior to the enactment of Chapter 4379, Acts of 1895, being Section 4172 (2554) C. G. L. The same sentence is quoted in Hogan v. State, 89 Fla. 388, 104 So. 598, citing State v. Kirke, *supra,* as authority. It was mere *dicta* in the Hogan case, however.

There is no statutory authority which compels a State attorney to file his motion to disbar under oath. In Gould v. State, 99 Fla. 662, 127 So. 309, text 311, it is said, "the court exercises a jurisdiction over attorneys which is to be exercised according to law *and conscience,* and not by any technical rules." While it was formerly the practice to require all pleadings of any kind whatever, both in equity and in law, to be under oath, the old technicalities of pleading are being done away with, and rightly so, including the

elimination of the oath in most actions. In view of this tendency, and by reason of the absence of statutory requirements, we cannot agree with State v. Kirke, *supra*, or with the dicta in Hogan v. State, *supra*, that a complaint against an attorney ought not to be received unless made on oath. The absence of an oath of the State attorney to a motion to disbar made under the statute is not ground for reversal.

Richardson assigns as error the fact that State attorney included matter in his motion which was not contained in the order of the court directing the filing of the motion. Section 4172 (2554) C. G. L., provides in part that: "* * * it shall be the duty of such judge to direct the State's attorney for the circuit to make in writing a motion, in the name of the State,. to disbar such attorney, setting forth in the motion the particular acts or conduct for which the attorney is sought to be disbarred."

The very language of the statute shows that the judge of the circuit court, in the absence of specific facts, is to instruct the State attorney generally, and he is to bring forth the specific information and incorporate it in his motion.

Richardson also assigns as error the failure of the Circuit Court to find on what count of the motion he stands convicted. We fail to find merit in this contention.

The remaining assignments of error are based on Richardson's contentions that the final judgment was unsupported by the evidence and should not have been entered, and that it was error not to grant a new trial.

An attorney, wherever he may be employed, must faithfully, honestly, and consistently represent the interests and rights of those by whom he is engaged. He must discharge his duties with the strictest fidelity and observe the highest and utmost good faith. He cannot use any information

garnered from his position for his own or others' benefit, nor may he divulge any such information to others; nor may he represent conflicting interests. Canons of Professional Ethics, Nos. 6, 9, and 10, 125 Fla. 501.

An appellate court, in reviewing the proceedings of a lower court disbarring an attorney, should not interfere with the conclusions of the latter court upon the evidence, unless it is clear that the latter court, viewing its actions in the light of the rule which requires clear proof of the act and of the bad motive of the attorney, had decided erroneously, in which case it is the duty of the appellate court to interfere. Zachary v. State, 53 Fla. 94, 43 So. 925; Gould v. State, *supra.*

The judgment of the circuit court should be, and is, hereby affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN and THOMAS, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.