509 So.2d 289 (1987)
THE FLORIDA BAR, Complainant,
v.
J.B. HOOPER, Respondent.
No. 68954.
Supreme Court of Florida.
July 2, 1987.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, *290 Tallahassee, and David R. Ristoff, Bar Counsel, Tampa, for complainant.
B. Anderson Mitcham of Mitcham, Weed, Barbas, Allen & Morgan, Tampa, for respondent.
PER CURIAM.
This Florida Bar disciplinary proceeding is before the Court for consideration of the findings and recommendations set forth in a referee's report. Respondent attorney J.B. Hooper has filed a petition for review. We have jurisdiction, article V, section 15, Florida Constitution, and proceed to consider this case pursuant to Rule 3-7.6 of the Rules Regulating The Florida Bar.
The referee's report contains the following summary of the facts:
After a hearing on the matter before me, I find the following:
Dr. S. Victor Kassels retained respondent in September 1983 to represent him in a partition of property proceeding against Dr. Kassels' ex-wife. Dr. Kassels paid the respondent $400.00 as a retainer fee. A deposition was scheduled in February 1985, and evolved into a settlement conference. At that conference, Dr. Kassels and respondent had a serious dispute about the reasonableness of respondent's fee. A fee statement reflecting $1,900.00 was sent to Dr. Kassels a few days prior to this meeting. Dr. Kassels was to be issued a check for $8,500.00 for taxes he had paid on the disputed property. Respondent advised the opposing counsel to send the check directly to him for deposit into his trust account. Respondent intended to take his $1,900.00 fee from the $8,500.00 check. To accomplish this procedure, Dr. Kassels would have had to endorse the check, and put it into the respondent's trust account, so as to allow respondent to remit his fee. Dr. Kassels did not refuse to pay any additional attorney fees, however, questioned the reasonableness of those charged.
Respondent then left the settlement conference, and according to his client, abandoned him over whether respondent was going to have the $8,500 check deposited to his trust account. The $8,500 owed Dr. Kassels had nothing to do with the pending partition proceeding. Respondent then withdrew from representation of Dr. Kassels. Respondent did not seek attorney fees from the presiding judge prior to his withdrawal. Respondent filed a Mechanics Lien on the disputed property and placed a lien on the property. The respondent chose the Mechanics Lien to force Dr. Kassels to pay his attorney fees. Respondent made no attempt to seek a retaining or charging lien in reference to his fee. The respondent chose a Mechanics Lien to force the payment of attorney fees, when such statutory provision clearly does not apply to attorneys.
The referee recommended finding respondent guilty of violating the former Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); 1-102(A)(5) (conduct prejudicial to the administration of justice); and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).
Respondent contends that the referee's findings of misconduct are not supported by legally sufficient evidence. He asserts that the findings do not meet the standard of proof "by clear and convincing evidence." In a referee trial of a prosecution for professional misconduct, the Bar has the burden of proving its accusations by clear and convincing evidence. The Florida Bar v. Rayman, 238 So.2d 594 (Fla. 1970). However, this Court's review of a referee's findings of fact is not in the nature of a trial de novo in which the Court must be satisfied that the evidence is clear and convincing. The responsibility for finding facts and resolving conflicts in the evidence is placed with the referee. The Florida Bar v. Hoffer, 383 So.2d 639 (Fla. 1980). The referee's findings "should not be overturned unless clearly erroneous or lacking in evidentiary support." The Florida Bar v. Wagner, 212 So.2d 770, 772 (Fla. 1968). Rule 3-7.5(k)(1) of the Rules Regulating The Florida Bar provides that the referee's findings of fact as to items of *291 misconduct charged "shall enjoy the same presumption of correctness as the judgment of the trier of fact in a civil proceeding."[*] The presumption of correctness of the judgment of a trier of fact in a civil proceeding prohibits the appellate court from reweighing the evidence and substituting its judgment for that of the trier of fact. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972). Therefore, while the referee must be presented with clear and convincing evidence in order to make a finding of misconduct, on review such a finding must be sustained if it is "supported by competent and substantial evidence." The Florida Bar v. Hirsch, 359 So.2d 856, 857 (Fla. 1978). See The Florida Bar v. Abramson, 199 So.2d 457, 460 (Fla. 1967) (rule that trier-of-fact's conclusions should be sustained if supported by "legally sufficient evidence" is applicable to bar discipline proceedings); Richardson v. State, 141 Fla. 218, 192 So. 876 (1940) (reviewing court will not disturb findings of lower court unless standard of proof is applied erroneously).
Here the referee found that respondent abandoned his client at a settlement conference over the payment of a fee and filed a mechanic's lien, knowing it to be an inappropriate remedy, to force the payment of the fees without the necessity of proving a charging or retaining lien. The finding is supported by competent, substantial evidence and was not reached erroneously. We therefore approve the referee's findings of fact.
Respondent argues that his motion to disqualify the referee should have been granted. Respondent's motion to disqualify was not legally sufficient. We find no error.
The referee recommended that respondent be suspended from the practice of law for one year. We accept the referee's recommendation and suspend respondent for one year effective immediately concurrent with the suspension imposed in The Florida Bar v. Hooper, 507 So.2d 1078 (1987). No close-out period is needed because of the prior suspension.
The costs incurred by The Florida Bar in this proceeding are taxed against the respondent. Judgment is entered against J.B. Hooper for costs in the amount of $1,497.69, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] This provision was previously included in the former Integration Rule of The Florida Bar, article XI, Rule 11.06(9)(a).