PER CURIAM.
Richard Bosse petitions this Court for review of a referee’s recommendations regarding guilt and sanctions against him. We have jurisdiction. Art. V, § 15, Fla. Const.
This ease resulted from a previous disciplinary proceeding against Bosse, Florida Bar v. Bosse, 609 So.2d 1320 (Fla.1992), in which Bosse was exonerated and sought to have costs taxed against the Bar. This Court approved a cost award of $8,977.50, based on Bosse’s statement of costs incurred, including an expert witness fee of $5,059.05 payable to Lewis Kapner, a lawyer and former judge who testified for Bosse in the previous disciplinary proceeding. On January 15, 1993, the Bar issued a check to Bosse for $8,977.50. The check from the Florida Bar was delivered to Bosse for the express purpose of being applied to the payment of costs, including the fee payable to Kapner. The check was mailed to Bosse’s business address in *269 Florida and then forwarded by the United States Postal Service to his subsequent address in Minnesota. Bosse’s wife received the check and deposited it in a joint personal cheeking account of Bosse and his wife, and she later claimed she had informed Bosse within the same month that the check was deposited. Bosse testified that he did not remember his wife telling him about receipt of the check. Bosse did not notify Kapner of Bosse’s receipt of the check at the time of its receipt or shortly thereafter, and Bosse evaded Kapner’s attempts to communicate with him. Between February 11, 1993 and April 19, 1993, Bosse signed six cheeks drawn on the joint account and payable to himself totaling $4,081.13. Bosse testified that he knew by April 26, Í993, that the check had been received and deposited in the joint checking account. On April 30, 1993, the balance in the joint account was $19,633.44. Thus, the evidence did not support Bosse’s testimony that he did not pay Kapner because the funds received from the Bar had been spent.
The referee recommended that Bosse be found guilty of violating the following: Rule Regulating the Florida Bar 3-4.3 (commission by a lawyer of any act which is unlawful or contrary to honesty and justice may constitute cause for discipline) and rule 4-8.4(c) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). The referee found as a mitigating factor the absence of a prior disciplinary record. The referee found the following aggravating factors to be present: a dishonest or selfish motive in Bosse’s use of the funds earmarked for Kapner; refusal to acknowledge the wrongful nature of his conduct; vulnerability of the victim in that Bosse used Kapner’s fees to attempt to ensure that he could avoid his obligation through a discharge in bankruptcy; substantial experience in the practice of law in that Bosse has been practicing law continuously since 1972; and indifference to making restitution in' that Bosse sought to have the debt discharged in bankruptcy and only paid Kapner after the first report of the referee, which recommended suspension until Bosse paid Kapner.
Bosse asserts that the Bar did not present competent, substantial evidence that Bosse acted unlawfully, dishonestly, or fraudulently in his application of the cost money or with Kapner. He contends that he merely failed to pay a debt and violated no Rules of Professional Conduct. We disagree.
A referee’s findings of fact come to the Court with a presumption of correctness unless clearly erroneous or lacking in eviden-tiary support. Florida Bar v. Stalnaker, 485 So.2d 815 (Fla.1986). If findings of the referee are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. Florida Bar v. Hooper, 509 So.2d 289 (Fla.1987).
The record in this case supports the referee’s findings that Bosse made a conscious decision to apply the proceeds of the Bar’s check to his own purposes rather than to pay Kapner and that Bosse’s dealings with Kap-ner were evasive and nonresponsive. Bosse admits that he failed to pay Kapner and that he used the funds sent to him by the Bar for personal use. He claims that his wife deposited and spent the check before he knew it had been received. However, the record reflects that during the period when Kapner was inquiring about payment of his fee, Bosse’s joint checking account carried a balance which was more than adequate to cover the $5,059.05 fee owed to Kapner. Thereafter, Bosse attempted to have the debt to Kapner discharged in bankruptcy.
We agree with the referee’s decision. Bosse is misguided in contending that he was justified in using the funds received from the Bar for personal use because a cost award is personal to a litigant. Courts operate under the basic assumption that costs sought and awarded will be used either to pay unpaid providers or to reimburse litigants for prepaid costs. Therefore, Bosse was not free to use $5,059.05 of the funds the Bar paid to him by check for any purpose other than paying the fee he owed to Kapner. Furthermore, the record reflects that Bosse misrepresented the cash flow in his cheeking account and evaded payment of the debt to Kapner in a fraudulent manner.
*270 By report filed September 15, 1995, the referee recommended that Bosse be suspended until he made full restitution to Kap-ner. Review of this report was pending in this Court when the Bar requested that we remand the case for further proceedings before the referee. Upon remand, further evidence was presented at a hearing on May 14, 1996. Following the hearing, the referee filed a second report dated June 28,1996. In the second report, the referee stated: “The respondent has finally made full restitution in this matter.” The referee now recommends a public reprimand. We accept the referee’s recommendation, and we reprimand Bosse for conduct which was in violation of the Rules of Professional Conduct and in which a member of The Florida Bar is not to engage. We order Bosse to appear before the Board of Governors of The Florida Bar to be reprimanded at a time scheduled by the Board. Judgment for costs is entered in favor of The Florida Bar in the amount of $1,022.75, for which sum let execution issue.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.