**In re Petition for DISCIPLINARY ACTION AGAINST Richard E. BOSSE, an Attorney at Law of the State of Minnesota.**

No. C4–99–1889.

Supreme Court of Minnesota.

March 21, 2000.

O R D E R

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Richard E. Bosse has committed professional misconduct warranting public discipline, namely, failing to list certain debts on his Minnesota Bar Admission application; dishonest conduct as set forth in his Florida disciplinary matter, *The*

*Florida Bar v. Bosse*, 689 So.2d 268 (Fla. 1997); acting carelessly in determining his assets and preparing his bankruptcy schedules, as set forth in the second Florida disciplinary matter, *The Florida Bar v. Bosse*, 729 So.2d 395 (Fla.1999); and failure to cooperate with the Minnesota disciplinary system, in violation of Rule 8.4(c) and (d), and Rule 8.1(a)(2), Minnesota Rules of Professional Conduct, and Rule 25, Rules on Lawyers Professional Responsibility.

Respondent admits his conduct has violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a public reprimand and two years unsupervised probation and payment of $900 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility. This court has independently reviewed the file and approves the jointly-recommended disposition.

IT IS HEREBY ORDERED that respondent is publicly reprimanded and placed on two years unsupervised probation under the following conditions:

1. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorizations for release of information and documentation to verify compliance with the terms of this probation.

2. Respondent shall abide by the Minnesota Rules of Professional Conduct.

3. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

4. Respondent shall pay $900 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.

BY THE COURT:
<u>Alan C. Page</u>
Alan C. Page
Associate Justice