PARKER, Acting Chief Judge.
M.J.S., the mother of D.J.W., challenges the trial court’s order adjudicating D.J.W. dependent and placing him in the custody of the Department of Children and Family Services (DCFS). We affirm. .
M.J.S.’s sole argument on appeal is that the evidence presented at the hearing was insufficient for the trial court to find D.J.W. dependent. While not contesting the evidence itself, M.J.S. argues that the evidence could be explained or interpreted so as to show that she was not neglectful or abusive. This argument ignores the standard of review this court must apply in this case.
In reviewing an order adjudicating a child dependent, this court does not conduct a de novo review of the evidence or substitute its judgment for that of the trial court. See In re Adoption of Baby E.A.W., 658 So.2d 961, 967 (Fla.1997). Rather, this court will uphold the trial court’s order “[i]f, upon the pleadings and evidence before the trial court, there is any theory or principle of law which would support the trial court’s judgment....” Id. See also The Florida Bar v. Hooper, 509 So.2d 289, 290-91 (Fla.1987); In re D.J.S., 563 So.2d 655, 662 (Fla. 1st DCA 1990) (en banc). In order to adjudicate a child dependent, the trial court must find by the preponderance of the evidence that the child has been abused, abandoned, or neglected or .is at substantial risk of imminent abuse, abandonment, or neglect. See §§ 39.01(14), 39.507(1)(b), Fla. Stat. (1999).[1] Because the trial court is responsible for resolving disputes in the evidence and making findings of fact, the trial court’s findings as to abuse, abandonment, or neglect will be sustained if they are supported by competent substantial evidence. See Hooper, 509 So.2d at 291; In re D.J.S., 563 So.2d at 662.
In this case, a review of the entire record establishes that the trial court’s findings were supported by competent substantial evidence. ' The trial court heard ample evidence to establish that M.J.S. was withholding food from D.J.W. This evidence included not only medical testi *827 mony concerning D.J.W.’s failure to thrive, but also the testimony of his teacher concerning his reactions to feedings at school. While there was also some evidence of emotional abuse, the trial court’s order adjudicating D.J.W. dependent relied primarily on the finding of physical abuse through food deprivation. This finding is supported by competent substantial evidence.
M.J.S. argues that other interpretations of the evidence are possible. First, she argues that D.J.W.’s physical handicaps, rather than her actions, caused his failure to thrive. This argument ignores the evidence that D.J.W. is no longer failing to thrive since being removed from M.J.S.’s care. If D.J.W.’s physical handicaps caused his failure to thrive, the failure would have continued after he was removed from M.J.S.’s care. Second, M.J.S. argues that D.J.W.’s improvement since being placed in foster care is due to his recovery from his 1998 health problems. This argument ignores the fact that D.J.W. had been diagnosed with failure to thrive as far back as 1995 and that he weighed less in 1998 than he did in 1995. D.J.W.’s 1998 health problems cannot explain his failure to gain weight between 1995 and 1998. Further, this argument requires the court to ignore testimony that M.J.S. told others that she did not feed D.J.W. because she wanted him to remain small so that he would be easier to handle. Based on the record evidence, the trial court did not err in dismissing these arguments.
The trial court found that D.J.W. was being abused and neglected by M.J.S. This finding is supported by competent substantial evidence contained in the record. Therefore, the trial court’s order adjudicating D.J.W. dependent is affirmed.
Affirmed.
WHATLEY, J., and SEALS, JAMES H., Associate Judge, Concur.

. In their briefs, the parties argued that the issue was whether DCFS proved dependency by clear and convincing evidence. That is the burden of proof required for terminating parental rights. See § 39.809(1), Fla. Stat. (1999). However, M.J.S.'s parental rights were not terminated in this proceeding. Rather, this proceeding was limited to determining whether to adjudicate D.J.W. dependent. Therefore, the proper burden of proof was by the preponderance of the evidence. See § 39.507(1)(b), Fla. Stat. (1999). Despite this, the trial court's order states that it found the evidence clear and convincing.