799 So.2d 445 (2001)
DEPARTMENT OF CHILDREN AND FAMILIES, Appellant,
v.
L.T. and M.R., Parents of C.R. and J.R., Children, Appellee.
No. 5D01-219.
District Court of Appeal of Florida, Fifth District.
November 16, 2001.
James A. Sawyer, Jr., Senior Attorney, Department of Children and Families, Kissimmee, for Appellant.
Gary Siegel, Fern Park, for Appellee.
PALMER, J.
The Department of Children and Families (DCF) appeals the trial court's order dismissing the instant dependency proceeding. Finding no abuse of discretion by the trial court, in light of the DCF's failure to present any competent substantial evidence in opposition to the motion to dismiss, we affirm.
This dependency proceeding began in February of 1999 when DCF filed a petition of dependency, alleging that C.R. and J.R. were at risk of being harmed by the parents' neglect. In December of 2000, DCF, the guardian ad litem, and both parents were in favor of dismissing the petition. However, on the night before the hearing on dismissal, DCF received a report of an alleged incident of domestic violence committed in the presence of the children in the home of the mother and the children's stepfather. As a result, DCF orally changed its recommendation on dismissal but did not present any evidence as to the alleged domestic violence nor move for a continuance of the hearing in order to present such evidence. At the conclusion of the hearing, the trial court dismissed the petition.
Although domestic violence in the presence of the children can support a finding of dependency or a continuance of dependency; see D.D. v. Dep't of Children & Families, 773 So.2d 615 (Fla. 5th DCA 2000), in this case DCF failed to present any evidence in support of its allegations and, accordingly, we cannot say that the trial court abused its discretion in dismissing the proceedings.
Although we affirm the decision of the trial court because DCF failed to present any evidence in opposition to dismissal, we do not endorse the reasoning articulated by the trial court to support its ruling. The trial court noted that, although DCF recommended against dismissal, it had recommendations *446 from the guardian ad litem, the attorney for the mother, and the attorney for the father to terminate the proceedings and "that's three to one and that's good enough." The trial court's obligation is to weigh the evidence presented by each of the parties; the number of parties in favor of or opposed to dismissal should not be determinative in the trial court's decision.
This dismissal does not prevent DCF from initiating a new dependency petition if it believes in good faith that there is a continuing risk of harm to the children.[1]
AFFIRMED.
GRIFFIN and ORFINGER, R. B., JJ., concur.
NOTES
[1] DCF raised concerns in this appeal that it might be prevented from filing a new petition for dependency because the trial court's action "amounts to a judicial determination that these allegations, even if true, do not indicate a risk of harm to the children." Such is not the case. Rather, the dismissal is affirmed strictly on the basis that DCF failed to present competent, substantial evidence in opposition to the dismissal.