823 So.2d 182 (2002)
C.M. and L.M., Parents of A.M., a Child, Appellants,
v.
DEPT. OF CHILDREN AND FAMILIES, Appellee.
No. 5D01-3748.
District Court of Appeal of Florida, Fifth District.
July 12, 2002.
Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellants.
James A. Sawyer, Jr., Senior Attorney, Department of Children and Families, Kissimmee, for Appellee.
PER CURIAM.
We affirm the trial court's adjudication of dependency as to the mother. Her inconsistent testimony and the testimony of Dr. Kessler about the nature of the injuries to the child were sufficient to meet the statutory definition of abuse. *183 See § 39.01(2), Fla. Stat.; see also In Interest of D.J.S., 563 So.2d 655, 663 (Fla. 1st DCA 1990) (affirming dependency order where child sustained beating, resulting in nine separate bruises to the face). However, we must reverse the trial court's adjudication of dependency as to the father. After diligently searching the record, we find not one scintilla of evidence connecting the father to the child's injuries.
A court's final ruling of dependency is a mixed question of law and fact and will be sustained on review if the court applied the correct law and its ruling is supported by competent substantial evidence in the record. In re M.F., 770 So.2d 1189, 1192 (Fla.2000). This court has stated:
As to the issue of sufficiency of evidence, the standard of review is whether the trial court's findings are supported by competent, substantial evidence. See In re D.J.W., 764 So.2d 825 (Fla. 2d DCA 2000). Competent, substantial evidence has been defined as "such evidence as will establish a substantial basis of fact from which the fact at issue can reasonably be inferred...." Duval Utility Co. v. Florida Public Service Commission, 380 So.2d 1028, 1031 (Fla. 1980). Webster's defines "substantial" in terms of "solid" and "considerable." WEBSTER'S NEW AMERICAN DICTIONARY 997 (Deluxe ed.1966).
G.C. v. Department of Children and Families, 791 So.2d 17, 19 (Fla. 5th DCA 2001).
Here there is absolutely no evidence that the father abused the child, or that he was present when the child was abused, or that he knew the child was being abused or would be abused in the future. Further, the unrefuted evidence is that the father was not with the mother when the child was injured. The mother testified that she and the father were living apart at the time of the incident and that she was the sole caretaker of the child. The father, when interviewed, stated the mother and child were visiting him and had stayed the night when the injury occurred. He stated the injury occurred at 6:00 in the morning while he was asleep. The state candidly concedes that there was no direct evidence against the father. They argue, in effect, guilt by association, but this cannot be the basis of an adjudication of dependency. An adjudication of dependency must be based upon a finding of abuse, abandonment or neglect. W.T. v. Department of Children and Families, 787 So.2d 184 (Fla. 5th DCA 2001); Gelrod v. Department of Health and Rehabilitative Services, 648 So.2d 862 (Fla. 3d DCA 1995); § 39.01(14)(a), Fla. Stat.
The state offers no alternative theory to support the finding of dependency as to the father nor can we ascertain one from the record. Even the trial court found the child was dependent "by a mere shard of testimony."[1] That may be so as to the mother, but not as to the father. The trial court abused its discretion by finding dependency as to the father because the finding of dependency cannot be supported by competent substantial evidence in the record. Absent support, the trial court's findings must be reversed. W.T. v. Department of Children and Families, 787 So.2d at 185.
AFFIRMED IN PART; REVERSED IN PART.
THOMPSON, C.J., SAWAYA and PLEUS, JJ., concur.
NOTES
[1] Although the trial judge used this language in a colloquy, the order of adjudication and findings of fact found that "The Department has proven its case of dependency by a preponderance of the evidence." See Fla. R. Juv. P. 8.330(a).