826 So.2d 449 (2002)
F.R., Father of J.R. and F.R., Jr., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D02-282.
District Court of Appeal of Florida, Fifth District.
August 30, 2002.
*450 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
James A. Sawyer, Jr., Senior Attorney, Department of Children and Families, Kissimmee, for Appellee.
SHARP, W., J.
F.R. appeals from a disposition order which adjudicated his children, J.R. and F.R., Jr., dependent and placed them in the custody of the Department of Children and Family Services.[1] He argues there was insufficient evidence of "abuse" as defined by section 39.01(2) to support the trial court's finding that F.R. committed domestic violence against his wife, the children's mother, in the presence of the children and that they were adversely affected by witnessing it. We affirm.
The standard of review in this case is whether there was sufficient competent evidence presented to the trial court to sustain its findings and order of dependency.[2] In the event the evidence is conflicting or turns on credibility of the witnesses, all credence and presumption of correctness must be given to the trial court. In this case, the court based its findings of abuse on the credibility of the witnesses, matters in the record that the judge was asked to (and did take) judicial notice of, admissions made by the mother in written statements, and oral statements presented through witnesses.
Although witnesses for F.R. testified they observed no domestic violence directed against the mother, the court noted that often family members were the last to know. Other witnesses testified, in essence, that there had been a pattern of domestic violence in this family (primarily F.R. against the children's mother) and that the children were frightened and upset *451 by observing it in their home. The mother's employer testified that over a period of time the mother told her that the mother's children were having behavioral problems in the home and at school because of the disturbances they witnessed between F.R. and herself. She also said she was contemplating leaving Florida with the children to live with her mother, that she was frightened because F.R. had threatened to kill her, and that she had obtained a temporary domestic injunction against F.R. The mother also told an investigator for the Department that there were many disputes and arguments in the home involving pushing and shoving, that she was frightened, and that the children were being affected. In her application for domestic violence injunction, the mother described a very physical altercation in which F.R. choked her, hit her, and threatened to kill her.
At the hearing, J.R. described an incident in which F.R. ripped her mother's shirt because he wanted the mother's money. At the time, the children were in the bathtub, while the mother was watching them. J.R. said she was scared and so was her mother. She kicked a pail of water at her father to stop his attack. She told an investigator this kind of conduct happens a lot. The younger child, although developmentally delayed, told the investigator he saw his father punching his mother, and demonstrated how she would be hit, using his fist to punch a couch. However, at the disposition hearing, J.R. refused to confirm her prior reports of physical abuse, except for the bathtub scene. The trial judge obviously did not believe her.
The trial judge found the evidence of domestic violence sufficient to support a finding of dependency, based on the demeanor of the children, the information judicially noticed, the credibility of the witnesses, and the admissions against interest by the mother.
In order to find a child dependent there must be substantial competent evidence of abuse, abandonment or neglect. W.T. v. Department of Children and Families, 787 So.2d 184 (Fla. 5th DCA 2001). "Abuse" includes any willful act that results in injury or harm that causes or is likely to cause the child's health to be significantly impaired. § 39.01(2), Fla. Stat. "Harm" includes engaging in violent behavior that demonstrates a wanton disregard for the presence of the child. § 39.01(30)(i). This includes domestic violence committed in the presence of a child. Department of Children and Families v. L.T., 799 So.2d 445 (Fla. 5th DCA 2001); D.D. v. Department of Children and Families, 773 So.2d 615 (Fla. 5th DCA 2000); D.H. v. Department of Children and Families, 769 So.2d 424 (Fla. 4th DCA 2000).
First, F.R. argues the shirt ripping incident did not result in any injury to the mother and that there was no proof of other incidents in which the mother was bruised or injured physically. Thus, he contends, the Department failed to prove "domestic violence" within the meaning of chapter 39. Section 39.902(1) defines domestic violence as:
As used in this part, the term:
(1) "Domestic violence" means any assault, battery, sexual assault, sexual battery, or any criminal offense resulting in physical injury or death of one family or household member by another who is or was residing in the same single dwelling unit. (emphasis added)
F.R. contends that unless there is proof of physical injury or death, domestic violence against the mother was not proven. We reject this limited definition of domestic violence, as did the trial judge. The words "resulting in physical injury or *452 death" modifies only "any criminal offense," and thus assault and battery without injury or death will suffice. Further, the introductory language of section 39.902 notes this definition is for use in part thirteen only, which deals with developing centers for victims of domestic violence.
F.R. also argues that the Department proved only a single incident of domestic abuse, the bathtub scene. We disagree. The evidence adduced was sufficient to sustain the trial court's conclusion there had been a pattern of pushing, shoving and beatings directed against the mother in the presence of the children, and that this pattern of conduct frightened them and caused them behavioral problems. This is sufficient to support a finding of dependency.[3]
AFFIRMED.
HARRIS and PLEUS, JJ., concur.
NOTES
[1] The dependency case was brought and tried against both the mother and the father. The mother also appealed (case number 5D02-355) and the father moved to consolidate the appeals. The motion to consolidate was denied because this appeal was perfected and ready for assignment to a decision panel, while the mother's case was not.
[2] C.M. v. Department of Children and Families, 823 So.2d 182 (Fla. 5th DCA 2002); V.G. v. Department of Children and Families, 813 So.2d 298 (Fla. 5th DCA 2002); G.C. v. Department of Children and Families, 791 So.2d 17 (Fla. 5th DCA 2001), mand. denied, 807 So.2d 653 (Fla.2002).
[3] Department of Children and Families v. L.T., 799 So.2d 445 (Fla. 5th DCA 2001); D.D. v. Department of Children and Families, 773 So.2d 615 (Fla. 5th DCA 2000)(evidence that child witnessed verbal and physical abuse sufficient to support finding of dependency).