840 So.2d 430 (2003)
W.V., Father of S.D., a child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D02-1589.
District Court of Appeal of Florida, Fifth District.
March 21, 2003.
*431 Jeffrey L. Dees, Daytona Beach, for Appellant.
Annette Pitts, Assistant District Legal Counsel, Daytona Beach, for Appellee.
THOMPSON, C.J.
W.V. ("the father") appeals an order adjudicating his child, S.D., dependent. We affirm.
A shelter petition was filed by the father on 18 December 2001 because the mother, with whom the child had been residing, was arrested for violation of probation. On 14 January 2002, the Department of Children and Families filed a petition for dependency. The mother consented to the dependency, but the father denied the dependency, and the case was heard on 19 March 2002.
Witnesses, including the father, testified that S.D. was present when domestic violence occurred between the mother and father. The father admitted that the police had been to his home on numerous occasions for domestic altercations and some of these altercations occurred in the presence of S.D. The father testified that one of his daughters was accidentally hurt during a domestic disturbance, and he admitted to hitting the mother, the maternal grandmother, his sister, and "possibly" an employee. The maternal grandmother testified that on one occasion the father tried to leave with S.D. after an altercation with the mother, and when the maternal grandmother attempted to grab S.D., the father punched the grandmother causing a concussion. The mother testified of numerous *432 injuries that the father had inflicted upon her, and she testified that the father physically abused her while she was pregnant with S.D. Further, the mother testified that she thought that S.D. was extremely violent because of the home environment.
A trial court's findings as to abuse, abandonment, or neglect of a child will be upheld if they are supported by competent, substantial evidence. S.M. v. Department of Children and Families, 832 So.2d 242 (Fla. 5th DCA 2002). "Abuse" includes any willful or threatened act that results in injury or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired. § 39.01(2), Fla. Stat. "Harm" includes engaging in violent behavior that demonstrates a wanton disregard for the presence of the child, section 39.01(30)(I), Florida Statutes, and includes domestic violence committed in the presence of the child, see F.R. v. Department of Children and Families, 826 So.2d 449 (Fla. 5th DCA 2002) (the trial court's findings that a pattern of pushing, shoving, and beatings directed against the mother in the presence of the children, causing behavioral problems, was sufficient to support a finding of dependency). There was competent, substantial evidence produced at trial to conclude that there was a pattern of domestic violence warranting a finding of abuse to S.D.
Further, section 39.01(45) defines "neglect" as, "when a child is deprived of, or is allowed to be deprived of, necessary food, clothing, shelter, or medical treatment...." Section 39.01(30)(f), Florida Statutes, also provides that "within the context of the definition of harm, the term `neglects the child' means that the parent or other person responsible for the child's welfare fails to supply the child with adequate food, clothing, shelter, or health care, although financially able to do so or although offered financial or other means to do so."
In the instant case, the evidence also supported the trial court's finding that S.D. had been neglected. The father and mother testified that S.D.'s teeth were rotting and falling out. Although the father testified that he attempted to get help for S.D.'s teeth, the grandmother testified that the father never approached her about putting S.D. on Medicaid. Further, the father did not pay child support although it was court ordered.
The trial court's findings are supported by competent, substantial evidence, and the order of adjudication is affirmed.
AFFIRMED.
SHARP, W. and ORFINGER, JJ., concur.