979 So.2d 1186 (2008)
D.E., the Father, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D07-4228.
District Court of Appeal of Florida, Fourth District.
April 23, 2008.
Denise E. Kistner of Law Offices of Denise E. Kistner, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant Attorney General, Fort Lauderdale, for appellee.
POLEN, J.
Appellant D.E., the Father, appeals the trial court adjudication of his child, T.E., as dependent. In November 2006, the Department of Children and Families (D.C.F.) filed a petition for dependency as to T.E., a two-year-old girl. The basis for the petition was a domestic violence incident that occurred in August 2006 between J.L., the mother, J.L.'s son D., and D.E.D. was injured in the altercation and D.E. and J.L.'s daughter, T.E. was present during the incident. Based on the severity of the incident, described below, the trial court adjudicated T.E. dependent. D.E. argues the trial court erred in adjudicating T.E. dependent based on one incident and without finding there was a risk of future harm. We disagree with D.E.'s argument and affirm.
"The standard of review we must apply requires that we determine whether there is substantial competent evidence to support the trial court's determination that the child is dependent." A.A. v. Dep't of Children and Families, 908 So.2d 585, 586 (Fla. 5th DCA 2005). "[A] trial court's discretion is very broad with respect to proceedings involving child welfare." D.H. v. Dep't of Children & Families, 769 So.2d *1188 424 (Fla. 4th DCA 2000). "In reviewing an order adjudicating a child dependent, this court does not conduct a de novo review of evidence or substitute its judgment for that of the trial court." In re D.J.W., 764 So.2d 825, 826 (Fla. 2d DCA 2000).
In this case, all parties agree that the incident took place. J.L. had known D.E. for approximately six years and the two had dated for about four and a half years. The parties' daughter, T.E., lived with J.L. and her three other children, including D., her fourteen year-old son and her two other daughters, K. and S. On the night in question, D.E. was at J.L.'s house and got into an argument with her son D. about turning off the television and going to bed. J.L. intervened and told D.E. to not worry about it. D. was in his room with the door closed and D.E. was in the living room still talking about the argument and was irritated that J.L. was not backing up his decisions.
At some point, D.E. got upset again and went into D.'s room, removed the television and took it outside. J.L. decided to take the kids to her mother's house to defuse the situation. D.E. did not want her to leave so he took the battery out of her car. At this point, J.L. brought the television inside and held it in her arms while arguing with D.E.D. and K. came out of their room to see what was going on. D.E. pushed or shoved the television, which was still in J.L.'s hands, and D. told D.E. to stop. D. testified he was protecting his mom.
D.E. and D. started fighting, although J.L. couldn't remember which one hit the other first. The other children were present and T.E. and S. were screaming. T.E. was pulling at both her father and her mother's legs, telling them to stop fighting. Some picture frames were knocked off the wall and broke. S. sustained a scratch on her forehead, presumably from the glass from one of the frames. The scratch was treated with an alcohol swab and a band-aid. The fight ended after J.L. hit D.E. with a candleholder and lasted for approximately five to six minutes.
At this point, J.L. called 911 and D.E. left before the police arrived. As a result of the fight, D. suffered a broken arm and his lip was cut up. This was the first time that D.E. had become violent with either J.L. or her children. Up until this point, D.E. and D. had a good relationship and had played basketball and video games together. T.E. was not hurt in the fight and was not afraid of her father. T.E. did not suffer nightmares after the incident. J.L. did not believe T.E. would be at risk around her father even if visitation was unsupervised. D.E. had not physically disciplined J.L.'s children before this incident.
Marsha Christie testified on behalf of the Department. According to Christie there was a prior abuse report involving D.E. and D. although Christie had no personal knowledge of what happened. When Christie conducted her investigation, she found T.E. to be very clingy with her mother, but agreed this could have been T.E.'s normal behavior.
Following the testimony, D.E.'s counsel asked that the petition for dependency be dismissed, asserting the Department had not proven that T.E. was at substantial risk of imminent neglect from D.E.D.E.'s counsel asserted this was a one-time incident, as evidenced by no additional evidence against D.E. The trial court denied the motion.
D.E. did not present any testimony or evidence and the trial court heard closing arguments. The Department agreed that while this was a one-time incident, it was a horrific incident that T.E. had witnessed and was affected by. D.E.'s counsel responded by reminding the court that J.L. *1189 did not know who started the fight, there had been no subsequent altercation and no testimony that either J.L. or T.E. was afraid of D.E. Counsel also pointed to the lack of evidence that T.E. suffered any physical or emotional harm.
The trial court found that although T.E. did not suffer actual harm, the incident could have reasonably resulted in serious injury to her. Based on this, the trial court found the Department had proven by a preponderance of the evidence that T.E. should be adjudicated dependent as to D.E.
We find the trial's court's adjudication of dependency is supported by competent and substantial evidence. "[D]omestic violence in the presence of the children can support a finding of dependency or a continuance of dependency." Dep't of Children and Families v. L.T., 799 So.2d 445 (Fla. 5th DCA 2001). While D.E. argues this is a one-time incident, the Department presented testimony that a prior abuse report had been filed against him. Taking this into consideration, along with the violence of the altercation at issue, the fact that D. was injured and that T.E. witnessed the entire fight, the trial court's finding as to dependency is supported by the evidence. See T.R. v. Dep't of Children and Families, 864 So.2d 1278 (Fla. 5th DCA 2004). This is a close case but given the trial court's broad discretion in such matters and its unique opportunity to observe the witnesses and their testimony, we are reluctant to substitute our judgment for that of the trial court.
We affirm the trial court's finding of dependency.
SHAHOOD, C.J., and MAY, J., concur.