# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-186
Lower Tribunal No. 21-15598

_____

**J.R., the Father,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Denise Martinez-Scanziani, Judge.

Law Office of David Scott, P.A., and David M. Scott (Fort Lauderdale), for appellant.

Karla Perkins, for appellee Department of Children & Families; Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Laura J. Lee, Assistant Director of Appeals (Tallahassee), for appellee Guardian ad Litem.

Before LOGUE, HENDON and GORDO, JJ.

PER CURIAM.

Affirmed.  See In re M.F., 770 So. 2d 1189, 1192 (Fla. 2000) ("In a dependency proceeding, DCF must establish its allegations by 'a preponderance of the evidence.'") (quoting Fla. R. Juv. P. 8.330(a)); Y.P. v. Dep't of Child. & Fam. Servs., 939 So. 2d 1118, 1119–20 (Fla. 3d DCA 2006) ("We review an adjudication of dependency for an abuse of discretion, and will uphold the determination if the trial court applied the correct law and its ruling is supported by competent, substantial evidence.  Weighing the evidence is the province of the trial court, M.R. v. Dep't of Child. & Fam. Servs., 783 So. 2d 277, 278 (Fla. 3d DCA 2001), and this Court will not disturb the trial court's credibility findings.") (internal citations omitted); F.R. v. Dep't of Child. & Families, 826 So. 2d 449, 450 (Fla. 5th DCA 2002) ("In the event the evidence is conflicting or turns on credibility of the witnesses, all credence and presumption of correctness must be given to the trial court."); G.V. v. Dep't of Child. & Families, 795 So. 2d 1043, 1048 (Fla. 3d DCA 2001) ("The record before us shows substantial competent evidence in support of the trial court's findings. The evidence establishes that [the child] lived in a tense environment, where he suffered physical injury consistent with child abuse.").