639 So.2d 634 (1994)
William G. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-804.
District Court of Appeal of Florida, Fifth District.
July 1, 1994.
Chandler R. Muller of Chandler R. Muller, P.A., Winter Park, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
William Gregory Brown ("Brown") appeals his conviction and sentencing for two counts of uttering a forgery,[1] two counts of paramedic certification violation[2] and one count of grand theft.[3] We affirm his convictions and his sentences. We find no error in the record. We enter this opinion to address an issue of significance to this court and to the appellate bar practicing before this court.
After Brown's conviction, his privately retained attorney filed a motion for new trial. Brown's attorney ordered and paid for an original transcript and one copy of the trial proceedings. The original transcript and copy were prepared and certified by an official court reporter of the Ninth Judicial Circuit. The original was filed with the circuit court and the copy was delivered to Brown's counsel. After Brown's motion for new trial was denied, a notice of appeal was filed.
Pursuant to Florida Rule of Appellate Procedure 9.200(b)(2), Brown's attorney made two copies of the trial transcript: one for Brown's own use and one for opposing *635 counsel. Brown's attorney delivered the certified copy of the transcript to the clerk of the circuit court for filing with the Fifth District Court of Appeal. The copy which Brown's attorney prepared by photocopying the certified transcript was served on the office of the Attorney General along with a stipulation requesting that the office of the Attorney General accept the uncertified photocopy. The office of the Attorney General refused to accept the photocopy of the transcript. In a cover letter accompanying the return of the photocopy, the office of the Attorney General explained that they would not accept any transcript unless it was prepared and certified by an official court reporter. The office of the Attorney General wrote that it would require additional personnel to check the photocopy pages against a certified copy filed with the Fifth District Court of Appeal to ensure that there were no errors. Because the burden was onerous, they indicated they would not accept the photocopy of the transcript. They imputed no wrong to Brown's attorney, however, they did not feel that they should have the responsibility of checking the photocopy for errors or for missing pages.
The office of the Attorney General relies upon Florida Rule of Appellate Procedure 9.140(d).[4] Rule 9.140(d) mandates that the clerk of the lower court provide the trial transcript and the record on appeal to the Attorney General. Brown's attorney argues that no provision in the rules or in the case law requires that all parties be provided with copies of the transcript which are prepared by the official court reporter instead of photocopies. Brown's attorney argues that Rule 9.200(b)(2)[5] specifically provides that Brown may designate the court reporter to provide the certified copies for a few or for all parties. If Brown elects not to serve all the parties, it is his responsibility to prepare additional copies and serve them on the parties in a timely manner. He did this. He argues that by following Rule 9.200(b)(2), he complied in a timely manner.
Rule 9.140(d) mandates that the clerk of the lower court provide the trial transcript and record on appeal to the Attorney General. Rule 9.200(b)(2) is applicable to criminal appeals only to the extent that it does not conflict with Rule 9.140(d). See Rowe v. State, 394 So.2d 1059 (Fla. 1st DCA 1981) (when construing court rules, principles of statutory construction apply); Gretz v. Florida Unemployment Appeals Commission, 572 So.2d 1384 (Fla. 1991) (specific statute or rule control over general statute or rule); Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992). Rule 9.140(d) specifically addresses criminal appeals. It controls and supercedes Rule 9.200(b)(2) in criminal cases.
Therefore, we hold that appellants in criminal cases must file a certified copy of the trial transcript with the clerk of the lower court for transmittal to the office of the Attorney General. We realize that the purpose of Rule 9.200(b)(2) is to save money for litigants, but we believe that a certified transcript ensures a complete and accurate record in a criminal appeal.
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] § 831.02, Fla. Stat. (1991).
[2] § 401.41(2), Fla. Stat. (1991).
[3] § 812.014(2)(c)(1), Fla. Stat. (1991).
[4] Rule 9.140(d) reads in pertinent part:

(d) Record. Within 50 days of filing the notice, the clerk shall prepare the record prescribed by rule 9.200 and serve copies of the index on the attorney general and all parties. The clerk shall retain the original of the record and shall forthwith transmit copies thereof to the court, to the attorney general, and to the office of a public defender appointed to represent an indigent defendant ...
Fla.R.App.P. 9.140(d).
[5] Rule 9.200(b)(2) reads in pertinent part:

(2) Within 30 days of service of a designation ... the court reporter shall transcribe and deliver to the clerk of the lower tribunal the designated proceedings and shall furnish copies as requested in the designation. If a designating party directs the court reporter to furnish the transcript to fewer than all parties, that designating party shall serve a copy of the designated portion of the transcript on the parties within 5 days of receipt from the court reporter.
Fla.R.App.P. 9.200(b)(2).