760 So.2d 249 (2000)
M.A., Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 3D99-3002.
District Court of Appeal of Florida, Third District.
May 31, 2000.
Kenneth M. Kaplan, Miami, for appellant.
Robin H. Greene, Miami, for appellee.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
PER CURIAM.
M.A. appeals a final judgment terminating her parental rights. We affirm.
The mother was represented in this case by appointed counsel. By pretrial order, the trial court scheduled the final hearing for the trial week of August 17, 1999. The court held a calendar call on August 2, which was attended by the mother and appointed counsel. At that time the case was placed on standby for the August 17 week, and the parties were instructed to be prepared to come to trial on two hours' notice.
In the late afternoon on August 18, 1999, the court contacted counsel to advise that the trial would begin the following morning. The mother's counsel attempted to telephone her, but received a recording that the telephone had been disconnected.
The following morning counsel moved for a continuance because he had been unable to reach the mother by telephone. The trial court denied the motion, reasoning that the mother knew to stay in touch with counsel. Counsel advised the court that there was still a possibility that the mother would appear.[1] The trial proceeded with appointed counsel participating on behalf of the mother, and the bench trial concluded the same day.[2] The written judgment was entered six weeks later, and this appeal follows.
The mother's claim on appeal is that the trial court abused its discretion by denying the oral motion for continuance. We disagree. The trial court correctly pointed out that the mother knew that she needed to be available for trial during the August *250 17 week on two hours' notice, and it was her duty to stay in touch with her counsel. See M.E. v. Florida Dept. of Children and Family Servs., 728 So.2d 367, 368-69 (Fla. 3d DCA 1999).
We note that six weeks elapsed between the conclusion of the final hearing and the entry of the final judgment. Certainly if the mother wished to have the record reopened so she could testify, or desired other relief, there was ample time for her to file an appropriate motion, or to file a motion for rehearing after the final judgment was entered in the case. See Fla. R. Juv. P. 8.265; M.E., 728 So.2d at 369. She did not do so.
Concluding that no reversible error has been shown, the judgment is
Affirmed.
NOTES
[1] The basis for counsel's belief is not explained.
[2] The evidence indicated that the mother has a long-term alcohol abuse problem which resulted in the child being removed from her custody in 1991. After the mother completed a treatment program, the child was returned in 1994. The mother's alcohol use resumed with severe adverse effect on the child, who was removed from the mother's custody again in 1998.