796 So.2d 1283 (2001)
Robert A. BUTTERWORTH, etc., Appellant,
v.
TROPIC CASINO CRUISES, INC. d/b/a SunCruz Casinos, Appellee.
No. 5D01-98.
District Court of Appeal of Florida, Fifth District.
October 19, 2001.
*1284 Robert A. Butterworth, Attorney General and Jonathan A. Glogau, Special Counsel, Tallahassee, for Appellant.
J. Lester Kaney of Cobb Cole & Bell, Daytona Beach and Ace J. Blackburn, Jr. of Cooney, Mattson, et al., Ft. Lauderdale, for Appellee.
COBB, J.
The issue on this appeal is whether the lower court erred in denying an injunction restraining Tropic Casino Cruises (hereinafter SunCruz) from operating the gambling vessel SunCruz III in the State of Florida as a "cruise to nowhere," and granting a summary judgment on the counterclaim of SunCruz. We agree with the well-reasoned opinion of the trial court and adopt it as the opinion of this court:
SUNCRUZ operates the SunCruz III, an ocean going vessel, from its home port in Ponce Inlet, Volusia County, Florida. Passengers holding tickets board the vessel and sail beyond the three mile boundary of the State of Florida. After traveling beyond the State's borders, passengers are allowed to engage in various forms of gambling, including the use of slot machines and other gambling devices. During the voyage, the vessel does not enter the boundaries of any other state or foreign country. The vessel returns to port on the same day it departs. There is no allegation, nor proof, that gambling activities occur within the boundaries of the State of Florida. While the vessel is in port, the gambling equipment remains on board the ship, although it is not *1285 covered or otherwise concealed from view. These voyages are commonly known as "day cruises" or "voyages to nowhere." The only persons permitted to board the vessel are crew members, passengers holding tickets and vendors who supply the vessel. (See Affidavit of Stanley J. Driscoll, Jr.)
BUTTERWORTH argues that the activities performed by SUNCRUZ violate one or more of the statutory prohibitions alleged in his complaint, which prohibit possession and use of gambling equipment in the State of Florida, and provide that such activities may be enjoined as nuisances. SUNCRUZ argues that its activities are legal under the provisions of both federal law, as embodied in 15 U.S.C. 1171 et seq. (commonly known as the "Johnson Act"), and state law, as provided in Fla. Stat. § 849.231.
The Johnson Act generally prohibits manufacture, transport, possession and use of gambling devices in interstate and foreign commerce, but provides for certain exceptions. One of the specific exceptions provided by the Johnson Act is that gambling devices may be possessed and used on day cruise voyages unless the state from which the vessel departs and returns has enacted a law which bans such cruises.
Fla. Stat. § 849.231 prohibits the manufacture, sale, transport, and possession of a large variety of gambling equipment. In 1974, this statute was amended to insert an exception for persons who have registered under the Johnson Act, and who do not display the gambling equipment to the general public. Based upon BUTTERWORTH's responses to SUNCRUZ's requests for admissions, it is undisputed that SUNCRUZ has registered under the Johnson Act since 1997.
The Johnson Act specifically permits possession of gambling equipment, and use of such equipment while outside of the boundaries of the State, on day cruises voyages. Fla. Stat. § 849.231 specifically exempts possession of such equipment in Florida by those who register under the Johnson Act and do not display the equipment to the general public. Because Fla. Stat. § 849.231 is a statute of specific application to the activities of SUNCRUZ, this Court applies the well known rule of construction that a statute of specific application controls over a statute of general application. Therefore, the other statutes which BUTTERWORTH seeks to use to enjoin possession of gambling equipment in the State of Florida do not apply to SUNCRUZ's day cruise operations.
BUTTERWORTH has argued that even if the exception of Fla. Stat. § 849.231 applies to day cruise operations, SUNCRUZ has lost the protection of the statute by violating the condition in the statute that the gambling devices may not be "displayed to the general public." BUTTERWORTH has submitted the affidavit of Joseph J. Mandarine in support of this contention. Mr. Mandarine's affidavit states, inter alia, that from vantage points in and around a restaurant located next to the dock at which the SUNCRUZ vessel customarily docks, he could see gambling devices through the open doorway of the vessel. Mandarine's affidavit further states that when he boarded the vessel (after purchasing a ticket), the gambling devices were in plain view. BUTTERWORTH contends that these facts demonstrate that the equipment is displayed in violation of the statute. SUNCRUZ countered Mandarine's affidavit with the affidavit of D. Lynn Justis, a professional photographer, who photographed the vessel in its customary location at the dock, and testified that he could not identify any equipment on the vessel from any vantage point in or around the restaurant.

*1286 The Court resolves this apparent conflict in the facts by concluding that even if it was possible for Mr. Mandarine to identify certain gambling devices from the vantage point of the restaurant, this vantage point was more than 50' (based upon the undisputed photographs taken by Mr. Justis) from the vessel, and the observations were limited to those that could be made through the open doorway of the vessel. The observations of Mr. Mandarine thus do not create a material factual dispute, because they do not establish that the gambling devices were being "displayed" by SUNCRUZ to anyone who did not board the vessel. Further, according to the undisputed affidavit of Stanley J. Driscoll, the only persons allowed onto the vessel, or even onto the wooden structure used for boarding the vessel, are crew members, vendors, and patrons who have purchased tickets for the voyage. This Court concludes as a matter of law that these persons do not constitute the "general public" as those terms are used in the statute.
Based upon the foregoing analysis, this Court concludes that Fla. Stat. § 849.23(1) exempts those who have registered under the Johnson Act, and who do not display gambling equipment to the general public, from the prohibitions of the statute against possession of gambling equipment. SUNCRUZ has established that it has registered under the Act, and as a matter of law that the equipment is not displayed to the general public, in compliance with Fla. Stat. § 849.231.
AFFIRMED.
SHARP, W. and SAWAYA, JJ., concur.