813 So.2d 298 (2002)
V.G., Mother of C.E., a Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D01-3016.
District Court of Appeal of Florida, Fifth District.
April 19, 2002.
Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
*299 Daniel M. Lake, Senior Attorney, Department of Children and Families, Kissimmee, for Appellee.
SHARP, W., J.
V.G. appeals from adjudication and disposition orders which determined her daughter, C.E. was dependent, as to her. The trial court found the Department proved its case by a preponderance of the evidence. After examining the record, we agree and affirm. The standard of review on the issue of sufficiency of the evidence in dependency cases is whether the trial court's findings are supported by competent substantial evidence. G.C. v. Department of Children and Families, 791 So.2d 17 (Fla. 5th DCA 2001).
The event leading to the trial court's finding of dependency was the delay (several days) between the time ten-month-old C.E. suffered a broken humerus (upper arm) and the time that V.G. sought medical help for her. The court expressly found the testimony of the Department's expert, Dr. Seibel, Medical Director of the Child Protection Team, was credible and that V.G.'s was not. Dr. Seibel testified the type of fracture suffered by C.E. would have required direct trauma to that part of the arm and it could not have been caused by the child trying to walk and then falling. He also said the x-rays showed there was a degree of cortical reaction, indicating the injury had occurred several days before the child was seen at the hospital, that the child would have been expressing pain over that period of time, and would not have been able to use her arm normally.
V.G. claimed she had no idea how the child broke her arm and she insisted C.E. had only been injured the day she sought medical care for her. The trial court said it did not believe V.G.'s testimony. It found V.G. an incompetent parent because she did not know how her child was hurt and she was neglectful in caring for her.
A dependent child is one who has been neglected, abandoned or abused. See W.T. v. Department of Children and Families, 787 So.2d 184 (Fla. 5th DCA 2001). "Neglect" occurs when a child is deprived of or is allowed to be deprived of necessary food, clothing, shelter or medical treatment or a child is permitted to live in an environment which causes a child's physical, mental or emotional health to be significantly impaired or endangered. § 39.01(45), Fla. Stat. The evidence in this case was sufficient to establish by a preponderance of the evidence that the child suffered a severe injury which went untreated for several days,[1] and that V.G. acted in a "dismissive" and "casual" manner as to the care and protection of this young child.
AFFIRMED.
COBB and PALMER, JJ., concur.
NOTES
[1] See In the Interest of D.J.W., 764 So.2d 825 (Fla. 2d DCA 2000).