829 So.2d 938 (2002)
L.W. and P.G., Appellants,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
Nos. 3D01-847, 3D00-3521.
District Court of Appeal of Florida, Third District.
October 16, 2002.
Rehearing Denied November 27, 2002.
Herscher & Herscher and Ilene Herscher, Cora Gables, Gonzalo Alberto Gayoso, Miami, for appellants.
Calianne P. Lantz, for appellee.
Before JORGENSON, GODERICH and SHEVIN, JJ.
PER CURIAM.
Mother and father appeal orders adjudicating their child dependent. We affirm.
*939 Addressing first the order adjudicating the child dependent as to the mother, we find that there is competent substantial record evidence to support the court's findings. V.G. v. Dep't of Children & Families, 813 So.2d 298 (Fla. 5th DCA 2002). The Department presented evidence of neglect as the child was permitted to live in an environment that could significantly impair or endanger the child's mental, physical or emotional health. § 39.01(45), Fla. Stat. (2000); V.G..
We also affirm the order adjudicating the child dependent as to the father. "[W]here counsel has been appointed for the defendant parent, it is sufficient for notices, including the notice of trial, to be given to counsel." M.E. v. Florida Dep't of Children & Family Servs., 728 So.2d 367, 368 (Fla. 3d DCA 1999). See M.A. v. Florida Dep't of Children & Family Servs., 760 So.2d 249 (Fla. 3d DCA 2000). Here, the father's counsel was given notice of the hearing in advance of the date. The father was aware of the original hearing date but chose not to attend. The court properly entered the dependency order as to the father.
Based on the foregoing, the orders are
Affirmed.
GODERICH and SHEVIN, JJ., concur.
JORGENSON, Judge, dissenting.
I respectfully dissent. At oral argument, the court was advised that the child has been returned to his parents, which would appear to make an affirmance in this case an easy prospect. That is not the case, however, as the adjudication of dependency will loom over these parents' lives for the remainder of the child's minority, or until the court elects to terminate protective supervision. Fla. Stat. § 39.521(1)(b)(3) (2001). In my view, the adjudications of dependency as to each parent were erroneous, albeit for different reasons, and I would reverse.

THE MOTHER
The evidence in the record falls far short of the standard of "preponderance of the evidence"[1] required to support an adjudication of dependency as to the mother. Although the record is replete with examples of her late arrivals for medical appointments for the baby, and less-than-stellar housekeeping skills, none of those factors, either individually or collectively, support a finding of neglect. The record establishes that the mother sought and obtained the necessary treatment for her premature baby's high levels of bilirubin that resulted in a form of jaundicea common ailment in newborns. Her efforts to arrive on schedule for doctors' appointments were genuine but were stymied time and again by her need to breast-feed her baby and attend to her own health concerns. The insignificant delays in obtaining treatment ultimately proved harmless to the child, and were in large part attributable to lack of clarity and precision in the medical instructions she was given by health care professionals. The baby's pediatrician testified that other than suffering from the jaundice, the baby was vigorous and well-kept. In sum, there is no evidence of neglect, medical or otherwise, past or prospective, that is sufficient to support the order of dependency. As to the mother, I would reverse the order on the merits.

THE FATHER
The default order of adjudication of dependency as to the father should be reversed *940 as it amounts to a denial of due process. Counsel for the father was afforded less than 24 hours notice of the arraignment hearing on the dependency proceeding. On May 23, 2000, with the father not in attendance, the court scheduled the father's arraignment for the following day. On May 24, the father's counsel informed the court that he had left two recorded messages on the father's telephone answering machine but did not know whether the father had in fact received those messages.
The court is correct that "where counsel has been appointed for the defendant parent, it is sufficient for notices, including the notice of trial, to be given to counsel." M.E. v. Florida Dep't of Children & Family Servs., 728 So.2d 367, 368 (Fla. 3d DCA 1999). However, a mere 24 hours notice was not sufficient, particularly where there was no assurance that the father had actually received that notice. Where such fundamental rights are at stake, a greater effort must be made to ensure that the parents are afforded full opportunity to appear and present their defense to the charges of neglect. I would reverse and remand with directions to grant the father's motion to vacate the default.
NOTES
[1] "In a dependency proceeding, DCF must establish its allegations by `a preponderance of the evidence.'" In re M.F. and R.F. v. Florida Dep't of Children & Family Servs., 770 So.2d 1189, 1192 (Fla.2000).