833 So.2d 279 (2002)
J.M., Mother OF D.F., N.F., and S.F., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D02-2375.
District Court of Appeal of Florida, Fifth District.
December 27, 2002.
*280 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Jodi Abramowitz, Orlando, for Appellee.
SHARP, W., J.
J.M., the mother of three children, D.F., N.F., and S.F., appeals from an order terminating her parental rights to those children. The children were removed from J.M. and placed in the custody of the Department of Children and Families in December 1998. On March 6, 2002, the Department filed a petition to terminate J.M.'s parental rights to these children. Because the Department failed to properly and timely serve J.M. with service of process through publication as required by section 49.09, we reverse and remand for further proceedings.
During the ongoing dependency proceedings, the Department (as well as the attorney appointed to represent J.M.) lost contact with J.M. The Department then filed a petition to terminate J.M.'s parental rights and an affidavit, alleging it was unable to determine the residence or whereabouts of J.M., despite numerous inquiries, and it could not personally serve her. On the same day, the Department filed a summons and notice that an advisory hearing would be held on May 22, 2002. Copies of the termination petition and notice were sent to J.M.'s attorney. Because the Department could not effect personal service on J.M., it published a notice of action in the Orlando Sentinel on April 28, May 5, May 15 and May 19, 2002.
J.M. did not appear at the May 22, 2002 advisory hearing and a default was entered against her. At a later hearing, J.M.'s attorney appeared and asked the judge to set aside the default. The judge refused and proceeded with the hearing. After presentation of testimony from the Department's witnesses, J.M.'s attorney requested a continuance until she could contact J.M. The judge denied the motion for a continuance and found that termination was in the best interest of the children. The order terminating J.M.'s parental rights was filed on June 12, 2002.
Chapter 39 establishes the statutory framework for terminating parental rights. Section 39.801 provides for notice, service of process and termination of parental rights for failure to appear:
(1) All procedures, including petitions, pleadings, subpoenas, summonses, and hearings, in termination of parental rights proceedings shall be according to the Florida Rules of Juvenile Procedure unless otherwise provided by law.
* * *
(3) Before the court may terminate parental rights, in addition to the other requirements set forth in this part, the following requirements must be met:
(a) Notice of the date, time, and place of the advisory hearing for the petition to terminate parental rights and a copy of the petition must be personally served upon the following persons, specifically notifying them that a petition has been filed:
1. The parents of the child.
* * *
The document containing the notice to respond or appear must contain, in type at least as large as the type in the balance of the document, the following or substantially similar language: "FAILURE TO PERSONALLY APPEAR AT THIS ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS OF THIS CHILD (OR CHILDREN). IF YOU FAIL TO APPEAR *281 ON THE DATE AND TIME SPECIFIED, YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO THE CHILD OR CHILDREN NAMED IN THE PETITION ATTACHED TO THIS NOTICE."
(b) If a party required to be served with notice as prescribed in paragraph (a) cannot be served, notice of hearings must be given as prescribed by the rules of civil procedure, and service of process must be made as specified by law or civil actions.
* * *
(d) If the person served with notice under this section fails to personally appear at the advisory hearing, the failure to personally appear shall constitute consent for termination of parental rights by the person given notice .... (emphasis supplied)
Florida Rule of Juvenile Procedure 8.505 contains virtually the same provisions.
J.M. could not be located and thus the Department attempted to serve her through publication of the notice in a local newspaper. Florida Rule of Juvenile Procedure 8.505(c) and section 39.801(3)(b), Florida Statutes, both provide that parties upon whom personal service of process cannot be affected shall be served by publication as provided by law. Section 49.011(13), Florida Statutes, provides for service of process by publication in termination of parental rights cases. Specifically, section 49.09 provides for the notice and return day:
The notice of action ... shall require the defendant to file written defenses with the clerk of the court and to serve a copy not later than the date fixed in the said notice, which date shall be not less than 28 nor more than 60 days after the first publication of the notice on plaintiff of his or her attorney whose name and address shall appear in or be annexed to said notice .... (emphasis added).
In this case, the first publication of the notice occurred on April 28, less than 28 days before the advisory hearing on May 22.
The Department argues that notice was sufficient because J.M.'s attorney was timely served with notice of the hearing, relying on M.E. v. Florida Department of Children and Family, 728 So.2d 367 (Fla. 3d DCA 1999). In M.E., counsel had been appointed to represent the mother in termination proceedings. The case was scheduled for calendar call in June of 1996 and proceeded to trial in July of 1996. Before trial, counsel told the court she had difficulty contacting the mother and was not sure her client knew of the trial date. Counsel did not request a continuance to try to locate the mother.
At the conclusion of the trial, the judge terminated the mother's parental rights. She moved for rehearing, stating she was unaware of the trial date and wanted to testify. The court denied her motion. On appeal, the mother argued the Department had to personally serve the mother with notice of the trial date. The Third District Court of Appeal rejected this argument.
Florida Rule of Juvenile Procedure 8.505(a) requires personal service of the petition for termination of parental rights along with notice of the date, time, and place of the advisory hearing. Thereafter, "[u]nless the court orders otherwise, every pleading, order, and paper filed in the action after the initial petition, shall be served on each party or the party's attorney." Fla. R. Juv. P. 8.225(c)(3) (emphasis in original).
Where counsel has been appointed for the defendant parent, it is sufficient for notices, including the notice of trial, to *282 be given to counsel. Notice to counsel is notice to the parent. See Fla. R. Jud. Admin. 2.060(m) ("In all matters concerning the prosecution or defense of any proceeding in the court, the attorney of record shall be the agent of the client, and any notice by or to the attorney or act by the attorney in the proceeding shall be accepted as the act of or notice to the client.") ...
It is the responsibility of the parent to stay in reasonable touch with the attorney regarding the progress of the case and to advise the attorney of any change of address. Further, it is essential that the client provide counsel with some reasonably reliable means to contact the client when needed, whether it be at home, work, or some other point of contact. Prior to the hearing in this case, appointed counsel went physically to look for the mother at the mother's last known address, but she had moved. Certainly the client had a duty to advise the attorney of her change of address. (footnote omitted)
728 So.2d at 368.[1]
Both rule 8.225 and rule 8.505 are in Part II of the Juvenile Rules governing dependency and termination proceedings. However rule 8.225 is located under the general provisions, and rule 8.505 is found under the specific provisions relating to termination of parental rights. As such, the more specific rule should control over the general rule.[2] Further, as pointed out in M.E., the notice in that case was not the initial petition for termination of parental rights and notice of the date, time and place of the advisory hearing.
Rule 8.505(a) as well as section 39.801, Florida Statutes, quoted above, both require that the parents of a child in a termination case be personally served with a copy of the petition and notice of the date, time and place of the advisory hearing. Thus, service of the petition and notice of the advisory hearing on a parent's attorney is not sufficient.
With regard to what constitutes constructive service on a missing parent, rule 8.505(c) requires publication "as provided by law," and section 39.801(3) requires service of process as specified by law or civil actions. Both refer back to section 49.09, which as quoted above, mandates the first notice be filed not less than 28 days before the served party is required to respond.
We agree with the First District's opinion in D.P. Termination of parental rights involves fundamental rights and strict adherence to the notice requirements and time deadlines in the statute and rules insures that parents have a full opportunity to prepare and appear at these important proceedings. See also Grier v. Florida, Department of Children and Families, 710 So.2d 1384 (Fla. 3d *283 DCA 1998). Termination should proceed only if the Department strictly conforms to the applicable statutes and rules. In the Interest of D.A.H., 390 So.2d 379 (Fla. 5th DCA 1980). See also Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Since the required personal service on J.M. was not effective due to the failure to file the first publication timely, and because personal service was mandated, we have no choice but to reverse the order of termination. We do not address the merits of this case.
REVERSED and REMANDED for Further Proceedings.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] The Department cites a dependency case, L.W. v. Florida, Department of Children and Family Services, 829 So.2d 938, 2002 WL 31306644 (Fla. 3d DCA Oct. 16, 2002), which relies on M.E. for the proposition that notice to counsel is sufficient. In that case, however, the parent was aware of the original hearing date but simply chose not to attend.

The Department also cites a termination case, M.A. v. Florida, Department of Children and Family Services, 760 So.2d 249 (Fla. 3d DCA 2000), for the proposition that the mother had ample time to move to have the record reopened so that she could testify or seek other relief. In that case, the mother and counsel attended a calendar call and were told to be ready for trial during a certain week. Again, the mother simply did not appear for the trial. Defective notice was not an issue in either case.
[2] See, e.g. Butterworth v. Tropic Casino Cruises, Inc., 796 So.2d 1283 (Fla. 5th DCA 2001) (statute of specific application controls over a statute of general application); Brown v. State, 639 So.2d 634 (Fla. 5th DCA 1994)(specific rule controls over general rule).