866 So.2d 1253 (2004)
S.P., Mother of S.M. and R.M., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D03-2181.
District Court of Appeal of Florida, Fifth District.
February 13, 2004.
Rehearing Denied March 11, 2004.
*1254 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Charles D. Peters, Department of Children and Families, Orlando, for Appellee.
THOMPSON, J.
S.P., the mother ("mother"), appeals an order adjudicating her children, S.M. and R.M., dependent. We affirm.
On 20 March 2003, the Department of Children and Families ("department") received a telephone call about S.M. stating, "Today, [S.M.] had 7 welt marks on one arm and 5 welt marks on her other arm. It is not known who did this to her or why, or what was used to mark her up." The next day, a department investigator visited the mother and children, and on 27 March 2003, a shelter petition was filed. The petition alleged that both children had marks on their bodies, and that S.M. had sixteen fresh bruises and marks. The petition stated that when the department asked how S.M. received the marks, the mother replied that she was outside with her roommate when she heard screams. The mother alleged that upon returning inside the residence, she found the brother, R.M., who was only four years old, with a coat hanger.[1]
On appeal, the mother argues that the order should be reversed because there was no evidence that she inflicted injuries upon S.M. and R.M. An order of dependency will be upheld if it is supported by competent, substantial evidence. V.G. v. Department of Children and Families, 813 So.2d 298 (Fla. 5th DCA 2002). In the instant case, the trial court's finding *1255 that the abuse could not have occurred without the mother's knowledge and that the children's physical, mental, and emotional health were in danger either by acts of abuse by the mother or by her failing to protect the children was supported by competent, substantial evidence.
At the dependency hearing, child protection team nurse Debbie Scott testified that the injuries inflicted upon S.M. were caused by a sharp narrow instrument, and that S.M.'s brother, R.M. could not have caused the injuries. Scott also testified that she observed burns, apparently from a motorcycle, on R.M's legs. The fact that the children were injured does not necessarily mean that the mother inflicted the injuries, but it is sufficient that the injuries occurred while in her care. Compare In Interest of D.E.N., 504 So.2d 514 (Fla. 5th DCA 1987) (holding that it was not necessary for trial court to determine who broke the child's bones and that it was enough that the bones were broken repeatedly while in the mother's care).
The order of dependency is AFFIRMED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] Aside from observing injuries on the children, protective investigator Foster testified at the dependency hearing that the mother lived in a dirty, one-bedroom home, with a kitchen that appeared to not have been used in a long time, since there were no dishes or food. Foster stated that she observed this from the living room, but she was not allowed to look at the remainder of the house. The mother told Foster that she was living in this one bedroom house with an uncle, his girlfriend, and their one-year old daughter. Foster testified that the mother left that residence that evening, stayed with a girlfriend for a couple days, and was "floating" from place to place.