995 So.2d 611 (2008)
J.R., the Mother, Appellant,
v.
STATE of Florida, DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D08-1031.
District Court of Appeal of Florida, Fourth District.
November 19, 2008.
Patricia A. Gainer-Gaddis of Law Offices of Patricia A. Gainer-Gaddis, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant Attorney General, Fort Lauderdale, for appellee.
MAY, J.
A mother appeals an order adjudicating her children dependent. She argues the evidence was insufficient to establish either neglect or abandonment of the children. The Department of Children and Families [DCF] agrees. We reverse.
The DCF received an abuse report alleging that the mother abandoned her three children for three weeks and no one was able to contact her. During that time, the children resided with their maternal greatgrandmother. The children were ordered into shelter care, but were not removed from the great-grandmother's home.
Approximately four months later, the trial court conducted an adjudicatory hearing. At the hearing, the mother, the child protective investigator, and a child advocate testified. The mother testified that she visited the children every week for three to four hours, had provided between $200 and $400 for their care, and intermittently had provided them with clothing. She explained that the investigator's inability to contact her resulted from someone *612 giving the investigator an outdated phone number for her.
The child protective investigator testified that "to the best of her knowledge," the mother did not provide for her children during the initial three-week period and the investigator had been unable contact the mother. The child advocate testified the mother had regular contact with the children, but agreed that she did not provide sufficient financial support.
The trial court adjudicated the children dependent. The mother appealed the order.
On appeal, the mother argues that the DCF failed to present witnesses with firsthand knowledge of the allegations to support a finding of dependency based upon abandonment under section 39.01(1), Florida Statutes, or neglect under section 39.01(43), Florida Statutes. The only direct testimony came from the mother. The only substantive evidence presented by the DCF was uncorroborated hearsay evidence of an anonymous abuse report stating that the children had been abandoned at the great-grandmother's home.
A finding of dependency based upon an uncorroborated report and hearsay evidence is insufficient to support an adjudication of dependency. See § 39.507(1)(b), Fla. Stat. Absent the hearsay testimony, there was no evidence of abandonment or neglect. The DCF agrees.
We therefore reverse the adjudication of dependency and remand the case to the trial for further proceedings consistent with this opinion.
Reversed and Remanded.
WARNER and DAMOORGIAN, JJ., concur.