DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.M.**, the Mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and **GUARDIAN AD LITEM PROGRAM,**
Appellees.

No. 4D15-4785

[March 30, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; J. David Langford, Judge; L.T. Case No. 562014DP231.

Antony P. Ryan, Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, and Melanie L. Casper, Assistant Regional Counsel, West Palm Beach, for appellant.

Rosemarie Farrell, Orlando, for appellee Department of Children and Families.

Laura J. Lee, Sanford, for appellee Guardian ad Litem Program.

**CONFESSION OF ERROR**

PER CURIAM.

In this case, where the Appellees, the Department of Children and Families ("DCF") and the Guardian ad Litem Program ("GAL"), both concede error, the Mother appeals the trial court's order adjudicating the Child dependent.

There was testimony regarding several instances of domestic violence between the Mother and the Father. However, there was no competent substantial evidence that the Child was aware of the alleged incidents of violence, or that the Child was affected by these instances. *See S.S. v. Dep't of Children & Families*, 81 So. 3d 618, 623 (Fla. 1st DCA 2012) ("Without evidence showing that domestic violence has occurred when the children were home, or that they otherwise were aware of the violence, the

finding of impending harm to the children is unsubstantiated."); *In re K.B.*, 937 So. 2d 709, 711 (Fla. 2d DCA 2006) ("[T]he Department presented no evidence that the children suffered any physical or mental injury as a result of witnessing the altercation or that the Father posed any current threat of harm to them.  In the absence of such evidence, the trial court's finding of dependency cannot stand.").   To the contrary, the child protection investigator that testified on behalf of DCF at the hearing stated, "[a]ccording to my investigation, the final findings were family violence threatens harm to the child is *not* substantiated . . . ." (emphasis added).

Likewise, although there was testimony that the Mother was under the influence of substances on the date that she met with the child protection investigator, there was no testimony that the Mother was under the influence in the presence of the Child, or that any substance abuse adversely affected the Child.  *See S.S.*, 81 So. 3d at 621 ("For purposes of finding dependency, harm to a child includes 'extensive, abusive, and chronic use of a controlled substance or alcohol by a parent when the child is demonstrably adversely affected by such usage.'" (quoting § 39.01(32)(g)2., Fla. Stat. (2011))).

Therefore, we reverse the trial court's order adjudicating the Child dependent, and remand for proceedings consistent with this opinion.  *See J.R. v. State, Dep't of Children & Families*, 995 So. 2d 611, 612 (Fla. 4th DCA 2008).

WARNER, GROSS and CONNER, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***