# Third District Court of Appeal

## State of Florida

Opinion filed May 8, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2026
Lower Tribunal No. 17-15659
_____

**L. J., The Mother,**
Appellant,

vs.

**Department of Children and Families,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jason E. Dimitris, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Assistant Regional Counsel, for appellant.

Karla Perkins, for appellee.

Before SALTER, LOGUE, and HENDON, JJ.

LOGUE, J.

The Mother, L.J., appeals the trial court's order adjudicating her two minor children dependent and placing the children in the temporary care and custody of their maternal aunt. In the order adjudicating the children dependent, the trial court discusses the Mother's mental health issues, the Mother's past substance abuse, and the Mother's removal of an IV from one child's arm during the child's stay in a hospital. Regarding the first two matters, there was no expert testimony or other evidence that indicated the children were harmed or at risk of being harmed. The third matter was based solely on hearsay.

As the Mother properly points out, the evidence and the controlling law does not support adjudicating the children dependent on these three grounds. See J.M. v. Dep't of Children & Families, 188 So. 3d 94, 95 (Fla. 4th DCA 2016) ("[A]lthough there was testimony that the [m]other was under the influence of substances on the date that she met with the child protection investigator, there was no testimony that the [m]other was under the influence in the presence of the [c]hild, or that any substance abuse adversely affected the [c]hild."); V.G. v. Dep't of Children & Families, 813 So. 2d 298, 299 (Fla. 5th DCA 2002) ("The standard of review on the issue of sufficiency of the evidence in dependency cases is whether the trial court's findings are supported by competent substantial evidence."); E.M.A. v. Dep't of Children & Families, 795 So. 2d 183, 187-88 (Fla. 1st DCA 2001) (affirming a finding of dependency where expert testimony and other competent evidence

showed a parent's mental disorder posed a significant risk of danger to their children).

The trial court, however, also found that the Mother neglected the children because she and they were homeless and the Mother twice refused the offer of shelter services. Although there was disputed evidence on this point, this finding was supported by competent, substantial evidence and reflects a basis for the trial court to adjudicate the children dependent. Under Florida law, a child is dependent if the child is found "to have been abandoned, abused, or neglected by the child's parent or parents or legal custodians." § 39.01(15), Fla. Stat. (2017). "Neglect," in turn, encompasses a child who "is deprived of, or is allowed to be deprived of . . . shelter . . . ." § 39.01(50), Fla. Stat. (2017). However, "[t]he foregoing circumstances shall not be considered neglect if caused primarily by financial inability <u>unless actual services for relief have been offered to and rejected by such person.</u>" Id. (emphasis added).

The court's factual findings that the Mother and children were homeless and the Mother twice refused shelter services for her and her children are supported by competent, substantial evidence. Accordingly, we hold that the trial court did not abuse its discretion. <u>Y.P. v. Dep't of Children & Family Servs.</u>, 939 So. 2d 1118, 1119 (Fla. 3d DCA 2006) ("We review an adjudication of dependency for an abuse

3

of discretion, and will uphold the determination if the trial court applied the correct law and its ruling is supported by competent, substantial evidence.").

Affirmed.